## DIAL *v.* REYNOLDS.

1. Except in cases arising under the bankrupt law, a court of the United States cannot enjoin a party from proceeding in a State court.
2. A bill of foreclosure is bad for misjoinder of parties and for multifariousness, where persons are made defendants thereto who claim title adversely to the mortgagor and the complainant, and the latter seeks in that suit to litigate and settle his rights.

APPEAL from the Circuit Court of the United States for the Eastern District of Tennessee.

The facts are stated in the opinion of the court.

Submitted on printed arguments by *Mr. J. M. Thornburgh* for the appellant.

There was no opposing counsel.

MR. JUSTICE SWAYNE delivered the opinion of the court.

The original bill was filed by Lyford, as trustee, and Staatsman. Reynolds demurred. Subsequently Lyford resigned his place as such trustee, and Dial was appointed in his stead, pursuant to a law of Tennessee. Dial and Staatsman filed an amended and supplemental bill. To this bill Reynolds also demurred. Dial and Staatsman filed another amended bill, and Reynolds again demurred. All the bills set forth substantially the same case. The facts alleged may be briefly stated. A deed of trust was executed by Cooper to Lyford, to secure certain liabilities of the grantor to Staatsman, and for other purposes. Reynolds asserted title in himself to the property covered by the deed. He claimed adversely to all the other parties. He had before sued another party for the premises. The case was brought to this court for final determination. It was decided against him. He thereafter commenced another action of ejectment in the proper State court, which was still pending. The bill seeks to foreclose the deed of trust, to quiet the title of the trustee, to remove the cloud cast upon it by Reynolds, and to enjoin him finally from further prosecuting his pending action of ejectment.

The Circuit Court sustained the demurrers and dismissed the bills. The complainants appealed to this court. The case was submitted here without oral argument. The counsel for the

appellants has filed a brief. None has been filed upon the other side.

There are two objections to these bills: —

1. The *gravamen* of what is desired as to Reynolds is an injunction to prevent his proceeding at law in the State court. Without this, all else is of no account. Any other remedy would be unavailing. Such an injunction, except under the Bankrupt Act, no court of the United States can grant. With this exception, it is expressly forbidden by law. Act of March 2, 1793, sect. 5 (1 Stat. 334); Rev. Stat., sect. 720; *Diggs* v. *Wolcott,* 4 Cranch, 179; *Peck et al.* v. *Jenness et al.,* 7 How. 612; *Watson* v. *Jones,* 13 Wall. 679.

2. It is well settled that in a foreclosure proceeding the complainant cannot make a person who claims adversely to both the mortgagor and mortgagee a party, and litigate and settle his rights in that case. Barbour, Parties in Equity, 493, and the cases there cited.

This case was one of fatal misjoinder and multifariousness, and the proper course for Reynolds was to demur. Story, Eq. Pl., sect. 284 *b.*

The complainants not having amended by striking out so much of the bills as related to him and his claim, it was proper for the court to sustain the demurrers and dismiss the bills.

*Decree affirmed.*