## YICK WO *v.* CROWLEY.

*(Circuit Court, D. California. January 20, 1886.)*

INJUNCTIONS—REV. ST. § 720—PREVENTING ARRESTS BY STATE OFFICERS FOR VIOLATION OF UNCONSTITUTIONAL CITY ORDINANCES.

The circuit court cannot issue an injunction to prevent a police officer of a city from serving warrants of arrest issued by a state court for violation of city ordinances claimed to be in contravention of the fourteenth amendment of the United States constitution and the treaty with China.

In Equity.

*Hall McAllister, D. L. Smoot,* and *L. H. Van Schaick,* for complainant.

*Alfred Clarke,* for respondent.

SAWYER, J., *(orally.)* In the bill the complainant alleges that Patrick Crowley, respondent, is chief of police of the city and county of San Francisco, and that he has certain warrants, by virtue of which he is about to arrest complainant, a citizen of China, and a large

number of other Chinese subjects, upon the charge of violating certain ordinances adopted by the board of supervisors of said city and county, which he alleges to have been passed in violation of the fourteenth amendment to the national constitution, and of the stipulations of the treaty between the United States and the empire of China. Complainant sues on behalf of himself, and 150 others, and prays "that the said Patrick Crowley, chief of police, as aforesaid, may be enjoined and restrained from enforcing, by arrest or otherwise, the aforesaid ordinances, to-wit, section 1 of order 1559, section 1 of order 1569, and sections 67 and 68 of order 1587."

Section 720 of the Revised Statutes is as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

This provision was carried into the Revised Statutes from the statute of March 2, 1793, expressly prohibiting any interference on the part of a national court with proceedings in the courts of a state. That statute has been construed a great many times by the supreme court. As early as 1807 the case of *Diggs* v. *Wolcott*, 4 Cranch, 179, arose, in which an action was brought in a state court upon a certain instrument in writing. The defendants afterwards brought suit in chancery in the state court to cancel the instrument and enjoin the proceedings in the case. The chancery suit was removed to the United States circuit court, where a decree was entered enjoining the proceedings in the state court. On the appeal the court says:

"The case was argued upon its merits by C. Lee and Swann, for the appellants, and by P. B. Key, for the appellee; but the court, being of opinion that a circuit court of the United States had no jurisdiction to enjoin proceedings in a state court, reversed the decree."

That decision has since been followed in a great many cases, arising under a great variety of circumstances; as in *U. S.* v. *Collins*, 4 Blatchf. 156; *Fisk* v. *Union Pac. R. Co.*, 6 Blatchf. 399; *Riggs* v. *Johnson Co.*, 6 Wall. 195; *Orton* v. *Smith*, 18 How. 265, 266; *Slaughter-house Cases*, 10 Wall. 298; *Dial* v. *Reynolds*, 96 U. S. 340; *Peck* v. *Jenness*, 7 How. 625; *Haines* v. *Carpenter*, 91 U. S. 257; and many others in the circuit and supreme courts.

There are other cases, however, not necessary to notice here, limiting the provision and rule to proceedings *first commenced* in the state court; and where a United States court has first obtained jurisdiction over the parties and the subject-matter, holding that it is entitled to proceed to the conclusion and execution of its judgment, unaffected by any subsequent proceedings in a state court of co-ordinate jurisdiction, and that, to enable it to give effect to its proceedings in such cases, it may even enjoin adverse proceedings in a state court.

In the bill this court is asked to restrain the execution of process issued by a state court, and placed in the hands of the chief of police,

whose duty it is to execute that process. The service of process is *a proceeding* in the court. But in *Riggs* v. *Johnson Co., supra,* the court says:

"State courts are exempt from all interference by the federal tribunals, but they are destitute of all power to restrain either the process or proceedings in the national courts. Circuit courts and state courts act separately and independently of each other, and, in their respective spheres of action, the *process* issued by the one is as far out of the reach of the other as if the line of division between them was traced by landmarks and monuments visible to the eye."

In the case of *U. S.* v. *Collins, supra,* it is held that *no process* of a state court, preliminary to the final determination of the case, can be stayed by injunction issued out of a United States court. The court says:

"The fifth section of the act of March 2, 1793, prohibits the courts of the United States from granting an injunction to stay proceedings in any court of a state. This term 'proceedings' may properly, and I think must necessarily, include all steps taken by the court, *or by its officers under its process,* from the institution of the suit, until the close of the final process of execution which may issue therein."

The supreme court has likewise held that a national court not only cannot directly restrain a state court, but cannot restrain its proceedings even by an injunction issued against the parties to a suit in the state court. In *Peck* v. *Jenness,* 7 How. 625, the court says:

"The fact, therefore, that an injunction issues *only to the parties* before the court, *and not to the court,* is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum. The act of congress of the second of March, 1793, declares that a writ of injunction shall not be granted 'to stay proceedings in any court of a state.' In the case of *Diggs* v. *Wolcott,* 4 Cranch, 179, the decree of the circuit court had enjoined the defendant from proceeding in a suit pending in a state court, and this court reversed the decree because it has no jurisdiction to enjoin proceedings in a state court."

As recently as the case of *Haines* v. *Carpenter,* 91 U. S. 257, the same doctrine was announced in the following language:

"In the first place, the great object of the suit is to enjoin and stop litigation in the state courts, and to bring all the litigated questions before the circuit court. This is one of the things which the federal courts are expressly prohibited from doing. By the act of March 2, 1793, it was declared that a writ of injunction shall not be granted to stay proceedings in a state court. This prohibition is repeated in section 720 of the Revised Statutes, and extends to all cases except where otherwise provided by the bankrupt law. This objection alone is sufficient ground for sustaining the demurrer to the bill."

In that case it was attempted to restrain the state court through an injunction against the parties, and the supreme court holds that this cannot be done. The same doctrine was repeated in *Dial* v. *Reynold,* 96 U. S. 340.

The proceedings which are here sought to be restrained are proceedings in a state court, in which warrants have been issued against the complainant and many others, and placed in the hands of the executive officer of the court for service. It is sought to enjoin the service of process, which would be to stay the proceedings, and prevent the court from acting in the case. This is clearly within the prohibition of the statute, as repeatedly construed by the courts; and this court has no authority to restrain those proceedings. Within the last 15 years a great many applications, under a great variety of circumstances, have been made to this court for preliminary injunctions to restrain proceedings in the state courts in civil causes, and they have invariably been denied. This court has no authority to restrain proceedings *first commenced* in a state court, nor has a state court authority to restrain proceedings in this court. The court, therefore, has no jurisdiction to grant the relief sought in this bill.

Let the order to show cause be discharged, and the application for an injunction denied. The demurrer to the bill is also sustained for want of authority to grant the relief sought, and the bill dismissed.