### CENTRAL TRUST CO. OF NEW YORK v. EVANS et al.

(Circuit Court of Appeals, Sixth Circuit. April 14, 1896.)

No. 340.

1. EQUITY PRACTICE—INJUNCTION—RESTRAINING ENFORCEMENT OF DECREE.
While a decree of the circuit court, made in pursuance of the mandate of the circuit court of appeals, stands, such circuit court cannot entertain a proceeding to avoid the effect of such decree by enjoining its enforcement.

**2. SAME.**

One E. secured a judgment against a railroad company whose property was subject to two mortgages. Upon the return of an execution unsatisfied, he instituted a creditor's suit in a state court against the mortgagor railroad company, the trustee of the mortgages, and another railroad company, seeking to have his judgment declared a lien superior to the mortgages, and to set aside a sale of the road to such other railroad company as in fraud of creditors. In this suit an attachment was issued, and levied on the railroad within the state, and on some of the rolling stock. Thereupon the trustee of the mortgages, and other interested parties, caused this property to be replevied, and gave bonds, with sureties, to return the property or pay the debt, if the court should adjudge the property subject to the debt. This suit was removed to a federal court, and ultimately to the circuit court of appeals, in which it was adjudged that the property was subject to the attachments, though the lien of the judgment was not superior to that of the mortgages, and that the obligors in the replevin bonds should either restore the property, by delivering it into the custody of the clerk, or pay its value. Pursuant to a mandate, a decree to that effect was entered in the circuit court. Thereupon the trustee under the mortgages. which in the meantime had commenced a foreclosure suit in the federal court, in which a receiver of the railroad had been appointed, presented a petition in that suit, praying that E. might be restrained from enforcing the decree for the return of the property, and required to come in and present his claim in the foreclosure suit. *Held*, that the court could not entertain such an application to review its decree and prevent enforcement thereof by injunction, and that the possession of the property by the court's receiver did not present a reason for doing so, since his possession was solely for the purposes of the foreclosure suit, and not at all for, or in the interest of, the obligors in the replevin bonds.

Appeal from the Circuit Court of the United States for the Southern Division of the Eastern District of Tennessee.

Henry B. Tompkins, for appellant.

Chas. R. Evans and Brown & Spurlock, for appellees.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

SEVERENS, District Judge. This is an appeal taken by the Central Trust Company of New York from a decretal order made by the court below upon a petition (therein stated to be in the nature of an amended and supplemental bill) filed in the case of The Central Trust Company of New York v. The Chattanooga, Rome & Columbus Railroad Company and The Savannah & Western Railroad Company; a suit then pending in said court, and which was instituted for the foreclosure of certain mortgages hereinafter mentioned, executed by the Chattanooga, Rome & Columbus Railroad Company. This petition named H. Clay Evans and James and Kratzenstein, who had joined with him, as creditors of the Chattanooga, Rome & Columbus Railroad Company, and Sloan, Lyerly, and Barr & McAdoo, the sureties in certain replevin bonds, as defendants therein, and prayed for an injunction against the issuing of execution upon the decree in favor of H. Clay Evans et al. entered in the court below upon the coming down of the mandate from this court in the case of Railroad Co. v. Evans, reported in 14 C. C. A. 116, 66 Fed. 809. The circuit court denied the petition for the injunction prayed, and the petitioner has brought the case here on appeal.

The facts in the main case, upon which the decision of this court was rendered, were stated by Judge Lurton, who delivered the opinion of the court filed therein. It is only necessary to give a synopsis of them here: The Chattanooga, Rome & Columbus Railroad Company, on the 1st day of September, 1887, having a railroad extending from Carrollton, in the state of Georgia, to Chattanooga, in the state of Tennessee, executed a mortgage to the Central Trust Company of New York, as trustee, upon the entire road and its equipment, to secure its bonds in the sum of $2,240,000, and on the following day executed to the same party, as trustee, a like mortgage to secure another issue of bonds in the sum of $1,400,000. All the bonds above mentioned were issued and negotiated. In that state of things, the company became indebted to H. Clay Evans, one of the appellees in this proceeding, for materials furnished and work done in his machine shops upon locomotives, and for railroad supplies of different kinds. Evans brought suit on these liabilities in one of the chancery courts of Tennessee, under the peculiar statutory jurisdiction of those courts in that state, and, in due course, duly obtained judgment against the Chattanooga, Rome & Columbus Railroad Company for the sum of $4,311.09. Upon the return unsatisfied of an execution issued to collect that judgment, Evans, on January 16, 1892, filed a general creditor's bill in the state court in chancery against the Chattanooga, Rome & Columbus Railroad Company, the Central Trust Company of New York, the Savannah & Western Railroad Company, the Central Railroad & Banking Company of Georgia, and the Richmond & Danville Railroad Company. Subsequently, James and Kratzenstein, other creditors of the Chattanooga, Rome & Columbus Railroad Company, joined as complainants. The object of Evans' bill was to obtain a decree establishing a lien for his debt which would be prior to the mortgages, and declaring null, as against creditors, a sale which his debtor had made to the Savannah & Western Railroad Company, upon grounds one of which was that the sale was made to defraud creditors; and the bill prayed for the subjection of the railroad property in Tennessee to the payment of his debt. Upon the filing of this bill an attachment was sued out under the laws of the state in that behalf, and was levied upon that part of the line of the railroad lying in Tennessee, some locomotive engines, some coaches, machinery, tools, fixtures, etc. The Central Trust Company, and certain railroad companies which were concerned in the affairs of the Chattanooga, Rome & Columbus Railroad Company, replevied the attached property by giving bonds with A. N. Sloan, C. A. Lyerly, and Barr & McAdoo as sureties, and thereupon the property was released. The condition of the bond was:

"Now, if said principal obligors herein shall pay the debt, interests, and costs of the complainant, if the court shall adjudge the same against them, or either of them, or shall adjudge the property attached and herein replevied is subject to the payment of same, they shall either pay said debt, interests, and costs, or return said property, then this obligation to be void and of no effect."

A like attachment and replevy of the property upon a bond with Lyerly as surety were made upon the coming into the suit of the

other creditors as above mentioned. The case was subsequently removed into the circuit court of the United States, where, upon the final hearing, a general decree was rendered for complainants; and it was further ordered and decreed that the obligors in the replevy bonds should pay the debts of the attaching creditors, respectively, with no alternative. All the defendants appealed to this court, where it was held: First, that the claim of priority by Evans over the mortgages held by the Central Trust Company of New York could not be sustained; but, secondly, that the sale of the road and other assets by the Chattanooga, Rome & Columbus Railroad Company to the Savannah & Western Railroad Company in May, 1891, was fraudulent and void as to Evans and the other creditors, complainants, who therefore had the right to seize the property upon attachments. In respect to that part of the decree below relating to the obligors in the replevy bonds, this court held, upon consideration of the Tennessee statute in relation to such bonds, and its construction by the supreme court of Tennessee, that the decree should have given the obligors in the bonds the privilege of the alternative of returning the attached property, or paying the value thereof. A mandate was accordingly sent down to modify the decree in that regard by decreeing that the property might be returned and placed in the custody and possession of the circuit court within 30 days, or otherwise that the obligors should pay one-half of the penalty of the bond, which was assumed to be the value of the property, and should thereupon be discharged. Upon the receipt of the mandate by the circuit court, that court entered its decree, and, in respect to the matter of the bond, ordered that within 30 days after the entry of the decree the defendants might place in the custody and possession of the court all of the property replevied and described in the bond, and in that event H. O. Ewing, deputy clerk of the court, was appointed special commissioner to receive, take charge of, and hold the same to await the further order of the court; and, further, that in case all the property attached and replevied should not be restored to the control and possession of the court, as above provided, at the end of 30 days, then execution might issue for the sum of $4,500,—that being one-half the penalty of the bond,—with interest from the 20th day of January, 1892, amounting to the sum of $894.85. Other directions about costs are not material to the present controversy. This decree was entered on the 16th day of May, 1895. On the 5th day of June, following, the complainant, the Central Trust Company of New York, filed in its original case, in the office of the clerk of the circuit court, as above stated, this petition, praying that an injunction should issue against Evans and the other creditors, restraining them from enforcing the said order for the return of the property to the custody and possession of H. O. Ewing as special commissioner; and asking that they be required to show cause why they should not be required to come into the cause and present their claims against the Chattanooga, Rome & Columbus Railroad Company in the proceedings pending for the foreclosure of the mortgage against the Chattanooga, Rome & Columbus Railroad Company and another, and have all their rights,

as against the property, and among themselves, there adjudicated; and praying for a temporary restraining order. This petition stated, as its substantial ground, that all the property covered by the replevy bonds was then in the possession of Eugene E. Jones, as receiver, under the order of the circuit courts of the United States for the Northern district of Georgia and the Eastern district of Tennessee, made in the case of the Central Trust Company of New York against the Chattanooga, Rome & Columbus Railroad Company and the Savannah & Western Railroad Company, instituted on the 15th day of December, 1893, for the purpose of foreclosing the mortgages hereinbefore mentioned, and that, therefore, the said property was not subject to the control of the obligors in the replevy bonds, but was subject to the order and control of the court, which had authority to make such order respecting the same as the rights and interests of the parties might require. The motion for a preliminary injunction on this petition was brought on for hearing, and was denied by an order made June 15, 1895. From that order the Central Trust Company of New York has prosecuted this appeal, under the provisions of the recent act of congress authorizing an appeal to be taken from an order of the court refusing an injunction. 28 Stat. 666.

It must be noted, in the outset, that the appeal we are now considering is not an appeal from the decree which was made by the circuit court, which stands without any proceeding to reverse or change it in any way, but it is based on the subsequent order of the court denying the appellant's petition. No ground appears for the assumption that while that decree stands the circuit court would have authority to entertain this proceeding, taken for the purpose of defeating its substantial purpose and effect. Here was a decree affording to the complainants, Evans and others, in that suit, distinct and unconditional relief, viz. that of having the attached property brought into court and subjected to the complainant's demands, or, in the alternative of that, the payment into court, for the same purpose, of the value thereof. The enjoining of the complainants from taking the usual remedies for the enforcement of the decree would amount to a nullification of the decree itself, pro tanto. The right of the complainants, Evans and the creditors who joined him in this suit, as against the obligors on these bonds, was fully considered by this court on the appeal in the former case, and definitely ascertained and determined by the decree which it directed to be entered. The decree of the court below was, in substance and effect, that which this court ordered and directed. Its conformity to the mandate of the court is not disputed by any proper challenge, and no reason is perceived for doubting that it was authorized by the opinion and mandate of this court. The suggestion that that decree may be defeated in this way cannot be entertained. Upon the entry of it, the complainants in the suit were entitled to a direct and immediate performance of it. It did not leave them in a position where it would be necessary, in order to realize the benefits of it, for them to institute some new proceeding in that court, or any other; nor were they under any liability to be brought into a fur-

ther controversy, at the instance of any party to that suit, for the purpose of having their rights in respect to the subject-matter of the decree overhauled and readjudicated. There would be no finality in the judgment and decrees of courts, if, when the rights of parties are settled by express adjudication, they can be thus re-examined, modified, or made conditional upon further litigation. As will be seen upon reference to the opinion of this court in the case of Railroad Co. v. Evans, 14 C. C. A. 116, 66 Fed. 809, Judge Lurton, in delivering the opinion of the court, examined and considered the legal character and effect of the replevy bonds under the statutes and decisions in Tennessee, and, quoting the cases of Kuhn v. Spellacy, 3 Lea, 278; Ward v. Kent, 6 Lea, 131; Green v. Lanier, 5 Heisk. 662; Barry v. Frayser, 10 Heisk. 217,—expressly declared (page 826, 66 Fed., and page 116, 14 C. C. A.):

"We hold that this bond must be regarded as a bond of the second class, and that its penalty is for double the value of the property attached. The proper decree is for the penalty of the bond, to be discharged upon the delivery of the property replevied. Inasmuch as the value is not specifically stated in the bond, it may, as was done in Kuhn v. Spellacy, supra (no reference having been asked below), be assumed that the value was one-half the penalty of the bond, or $4,500. By the payment of that sum, with interest from the date of the bond, the decree may be discharged."

And further:

"It was intimated in Kuhn v. Spellacy, supra, that it was perhaps unnecessary to recite in the decree that it might be satisfied by a return of the property, as the right accrues under the statute itself. However this might be if this proceeding was in the state court, it is clearly right that the decree should be so modified as to permit the appellants to satisfy the decree by returning the property replevied. This they may do, provided the property shall be placed in the custody and possession of the circuit court within thirty days after that court shall modify the decree as hereby directed."

And the decree of the court below was subsequently modified accordingly, and the rights of the parties became thereby fixed, and it was not competent to take any action in the circuit court which would contravene or further modify them. This has always been the rule in the supreme court of the United States, and has always been acted upon, not only in that court, but in the United States circuit courts of appeals, which have succeeded to a part of the jurisdiction of the supreme court. See, among other cases, Humphrey v. Baker, 103 U. S. 736; Gaines v. Rugg, 148 U. S. 228, 13 Sup. Ct. 611; Railway Co. v. Anderson, 149 U. S. 237, 13 Sup. Ct. 843. Many of the cases are collected in the opinion of this court delivered by Judge Lurton on the second appeal of a case (Bissell Carpet-Sweeper Co. v. Goshen Sweeper Co. of Grand Rapids, 72 Fed. 545), where the rule was held to apply to the case of a mandate sent down to the circuit court upon the affirmance of an interlocutory decree for an injunction.

But it is contended that the court below having the property which had been replevied in the Evans Case already in its possession and control, by virtue of its authority over the receiver in the foreclosure case brought by the Central Trust Company of New York, the obligation of the replevy bond was substantially per-

formed, for that, in effect, the property was so situated that it could be transferred by mere direction of the court. But this proposition is wholly unsound. The possession of the property which the court's receiver had in the Central Trust Company's Case was a possession for the purposes and objects of that suit. It had been seized by virtue of the lien of the mortgages, and the possession which had been taken was for the purpose of enforcing the lien; and so long as that possession is maintained, and for such purpose, it is a fallacy to say that it has been returned and exposed to an execution on Evans' judgment. No action whatever has been taken by the court, or moved by any party, for the purpose of turning the property over; but, on the contrary, it is claimed and insisted by the receiver in the foreclosure case, who undoubtedly represents the interest of the Central Trust Company in this respect, that this replevied property now in his possession is indispensably necessary to the operations of the road, with which he is charged, and that an irreparable injury would be caused if he were to be dispossessed of that property. It comes to this: that the replevied property has not been returned into the custody and possession of the court for the purposes of the Evans suit, and for the satisfaction of his decree; that no attempt has been made to bring this about, and there is plainly no purpose to do it. Under the statute of Tennessee describing the character of replevy bonds in attachment cases, as construed by the supreme court of the state, the obligors are bound to surrender the property itself, and are not in a position to say, when called upon to do so, that the property was, at the time of the giving of the bond, subject to a lien in their own favor, in virtue of which they have since seized, and will now hold, it. In order to assert the rights which they had by way of lien, they must resort to other remedies than that of giving a replevy bond. Having taken this course, they must abide their obligation. It has been distinctly held that they cannot set up in answer to their obligation a right to the property in some third person, or in themselves (Smyth v. Barbee, 9 Lea, 173; Cheatham v. Galloway, 7 Heisk. 678; Stephens v. Iron Co., 11 Heisk. 712); and the stipulation in these bonds could not be satisfied by the tender of a mere right of redemption, which has, in substance and effect, already expired, or ceased to be of any value. It is unnecessary to pursue the subject further. The order of the court denying the injunction was clearly right, and it must be affirmed. It is so ordered.