UTZ et al. v. WOLF et al.

(Circuit Court of Appeals, Seventh Circuit. January 7, 1908.)

No. 1,402.

1. EQUITY—REMEDY AT LAW.

Each of defendant merchants agreed to buy "purchase stamps" from complainants to give to his customers according to the amount of their purchases. Complainants agreed to print the merchant's name and business in an "automobile stamp directory," and to authorize the merchant to exchange for each directory containing 100 stamps a ticket entitling the holder, upon the merchant's performance of the contract, to one fractional interest in an automobile, the denominator of the fraction to be the number of tickets that should be so issued. Each contract provided that complainants could make similar contracts with other merchants in the same city, and that persons receiving tickets from merchants complying with their contracts should have equal interests in the automobile. Before any stamps on tickets were issued, the merchants repudiated their contracts. Held, that complainants could not maintain a bill against all the merchants on the theory that the one automobile was to satisfy complainants' obligations under all the contracts, and that, as there were no ticket holders to take the automobile, the merchants were jointly entitled to it; and, since it could not be given or its value credited to each merchant in separate actions at law, all the merchants became subject to one equitable suit, in which the automobile could be tendered to them jointly.

2. SAME—ADEQUACY OF LEGAL REMEDY—BREACH OF CONTRACT.

   That the damages from the breaches are too uncertain to be assessed, and liquidated damages were not stipulated, does not give rise to an equitable cause of action on one nor on a multiplicity of the contracts.

Appeal from the Circuit Court of the United States for the District of Indiana.

Leslie A. Needham, for appellants.

Merrill Moores, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

BAKER, Circuit Judge. Appellants based their bill upon breaches of eight written contracts separately executed by eight distinct groups of appellees, who by their several demurrers insisted that there was no joint cause of action against them, that appellants' remedy, if any, was at law and not in equity, and that the contracts were illegal. The court sustained only the first two grounds. Upon appellants declining to amend, a dismissal was decreed "without prejudice to any action or actions at law by complainants."

The contracts were with eight retail establishments of Ft. Wayne, Ind. Each merchant agreed to take "purchase stamps" from appellants, to give to his customers during a period of six months one stamp with each 10 cents' worth of goods sold, and to pay appellants 10 cents for every hundred stamps so given. In return appellants covenanted to ship one special automobile to Ft. Wayne, to print the merchant's name and business in an "automobile stamp directory," and to authorize the merchant to exchange for each directory containing 100 stamps a ticket which should entitle the holder, upon the merchant's full performance of the contract, to one fractional interest in the automobile, the denominator of the fraction to be the number of tickets that should be so issued. Each contract provided that appellants should have the right to make similar contracts with other merchants in Ft. Wayne and that all persons who should receive tickets from merchants who should comply with their contracts should have equal interests in the automobile. Before any stamps or tickets were given out, appellees repudiated their contracts.

Appellants, of course, do not question the rule (Gaines v. Chew, 2 How. 619, 611, 11 L. Ed. 402; Dial v. Reynolds, 96 U. S. 340, 341, 24 L. Ed. 644) that a bill cannot be maintained against various defendants upon demands that are unconnected. The claim is that this case is not within the rule by reason of the fact that the one automobile was to satisfy appellants' obligation under all the contracts. As there were no ticket holders to take the automobile, appellants say that appellees were jointly entitled to it; and since it could not be given, or its value credited, to each merchant in separate actions at law, all the merchants became subject to one equitable suit in which the automobile could be accounted for or tendered to them jointly.

The contract with one merchant was not conditioned upon other merchants' entering into like contracts. If appellants had been content to furnish an automobile and a supply of purchase tickets for the stipulated percentage of the first merchant's sales, he could not have

avoided payment on the ground that appellants had failed to get contracts from other merchants. His contract obligations and rights were neither diminished nor increased by appellants' success or failure· with others. If he performed his part of the contract, he was to receive, not an automobile nor an undivided interest in one, but the increase of business which might come from the advertisement that with purchases he would give stamps and tickets which appellants would honor by giving the holders undivided interests in an automobile. If he failed to perform, the automobile, so far as he was concerned, continued to be the property of appellants, for he had no right under the contract to inquire whether appellants retained it or gave it to holders of tickets issued by other merchants. If he accepted appellants' advertising services, he was to pay a stipulated price. If he refused to accept, he became liable for the contract price less what it would have cost appellants to have furnished him with the agreed advertising. That this cost might be greater or less, depending on the number of businesses that were to be advertised in the same "automobile stamp directory," does not affect the status of the parties to the contract, nor involve any greater difficulty in measuring the damages than might arise in case of breach of other advertising contracts. And if in any case damages are too uncertain to be assessed, the failure to provide for liquidated damages does not give rise to an equitable cause of action on one or on a multiplicity of such contracts.

The decree is affirmed.