## BOWEN et al. v. LEDBETTER et al.

No. 1470.  Opinion Filed January 16, 1912.

Rehearing Denied March 19, 1912.

(122 Pac. 131.)

1.  **INDIANS—Contests—Allotments—Injunction.**  A member of the Choctaw Tribe of Indians selected as his allotment certain lands, and within the time allowed by law another member of the Choctaw Tribe instituted, before the Commission to the Five Civilized Tribes, a contest proceeding, asserting a superior right in the contestant to take the same lands in allotment. While this contest proceeding was pending before the commission, a petition was filed in a district court of this state praying an injunction against the parties to the contest proceeding, which was granted and a perpetual injunction issued. **Held**, that the district court was without power to order the injunction.

2.  **SAME — Jurisdiction.**  The Commission to the Five Civilized Tribes in disposing of contests between members of the tribe, as to which of such members has the right to take in allotment particular lands, exercises judicial power; and when such contest proceeding has been instituted, and is pending before the commis-

sion, between such members of the tribe, the courts of this state are without power to enjoin the contesting parties.

(Syllabus by Brewer, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by H. A. Ledbetter and others against Delia Bowen and others. Judgment for plaintiffs, and defendants bring error. Reversed and dismissed.

*Thos. Norman,* for plaintiffs in error.

*H. A. Ledbetter,* for defendants in error.

Opinion by BREWER, C.  This is a suit to enjoin the plaintiffs in error from appearing and prosecuting a contest for an allotment before the Commission to the Five Civilized Tribes of Indians.

The case arose out of the following state of facts, briefly summarized:  Buckner Burns, an intermarried citizen of the Choctaw Tribe, on December 4, 1906, selected as the part of his allotment other than homestead certain lands.  Thereafter, defendant in error, H. A. Ledbetter, instituted a suit in the United States Court for the Southern District of Indian Territory, at Ardmore, wherein it was claimed that the allottee, Buckner Burns, had, by written contract, obligated and bound himself, to convey the said lands to him (Ledbetter).  This action was tried on July 15, 1907, wherein it was determined and adjudged that said Ledbetter was entitled to the lands and to a specific performance of his contract with Buckner Burns.  The court ordered Burns to execute a conveyance thereof, and, in the event of his failure so to do, the judgment should be recorded, and it would operate to pass title.  Burns failed to convey, the judgment was recorded, and in the latter part of the year 1907 Ledbetter went into possession of the lands.  On August 19, 1907, and after the rendition of the judgment in the case between Ledbetter and Burns, Delia Bowen, a minor Choctaw Indian by blood, by Rhoda Anderson Bowen as her mother and next friend, filed a contest with the

Commission to the Five Civilized Tribes of Indians, in which she asserted a superior and better right than Buckner Burns to select and take as her allotment the particular lands in controversy. This contest action was pending before the said commission from its institution in 1907 until February 24, 1909, when the present case was instituted by defendants in error in the district court of Carter county, Okla., by petition for injunction against the plaintiffs in error, in which it was prayed:

"* * * and that upon hearing the defendants, their attorneys, agents, etc., be enjoined and restrained from the prosecution of said contest before the Commission to the Five Civilized Tribes, the Secretary of the Interior, or any other tribunal," etc.

A temporary injunction was issued by the court. The defendants below filed special and general demurrers to the petition, stating many grounds therefor, but which in effect was a challenge of the jurisdiction of the court. The demurrers were overruled, exceptions allowed, and on July 13th, after evidence on the part of plaintiff below, the defendants below demurred to the evidence, in behalf of all the defendants below, except as to Buckner Burns. This demurrer to the evidence was overruled and the temporary injunction as to Delia Bowen and her mother Rhoda Anderson Bowen as next friend and Buckner Burns was made perpetual. Motion for new trial was overruled. Exceptions allowed.

The single question urged here is stated in brief of plaintiffs in error thus:

"The only error insisted on upon appeal involves a federal question. The federal question was raised by the demurrer in the court below, and thereafterward invoked throughout the various stages of the proceedings. It is this: Have the courts of the state authority to prohibit parties' to a contest pending before the Commission to the Five Civilized Tribes from prosecuting such contest to a final judgment?"

The defendants in error have filed no brief in this case, and we are therefore not advised upon what ground they contend that the court below had jurisdiction. Jurisdiction relative to allotment of the lands in severalty was placed in the Interior

Department of the United States. In the Atoka Agreement ratified by Congress June 28, 1898 (Act June 28, 1898, c. 517, 30 Stat. 495), under title "Allotment of Lands" appears the following:

"That the appraisement and allotment shall be made under the direction of the Secretary of the Interior," etc.

And further in the same act it is said:

"That all controversies arising between the members of said tribes as to their right to have certain lands allotted to them shall be settled by the commission making the allotments."

In Act of Cong. July 1, 1902, c. 1362, 32 Stat. 641, ratifying the treaty with the Choctaw and Chickasaw Tribes, commonly called the "Supplemental Agreement," section 24 thereof provides:

"Exclusive jurisdiction is hereby conferred upon the Commission to the Five Civilized Tribes, to determine, under the direction of the Secretary of the Interior, all matters relating to the allotment of land."

And further in said act it is stated:

"All controversies arising between members as to their right to select particular tracts of land shall be determined by the Commission to the Five Civilized Tribes."

And further in said act it is provided:

"After the expiration of nine months after the date of the original selection of an allotment, by or for any citizen or freedman of the Choctaw or Chickasaw Tribes, as provided in this agreement, no contest shall be instituted against such selection."

The contest of Delia Bowen in this case was filed within nine months after the lands were selected by Buckner Burns. Neither Delia Bowen nor her mother, Rhoda Anderson Bowen, appears to have been a party to the former suit between H. A. Ledbetter and Buckner Burns. Then the question narrows down to the single inquiry: Had the district court in this case jurisdiction to prevent, by injunction, Delia Bowen and her mother as her next friend from prosecuting her contest for the lands in controversy before the Commission to the Five Civilized Tribes? If the court had such power, this case should be affirmed; other-

wise it cannot be.    Exclusive jurisdiction in all controversies concerning the allotment of lands arising between the members of the tribes has, as we have seen, been lodged in the Commission to the Five Civilized Tribes, to be exercised under the direction and supervision of the Interior Department of the United States.

The exercise by the commission of the duties and powers imposed on it by law in the matter of disposing of contests between members of the tribe over the right to select and take a particular tract of land in allotment called for the exercise of discretion and judgment upon both questions of law and fact, and therefore vested in such commission, in these matters, judicial power.   In discussing the powers of the commission, relative to determining an application for enrollment as a member of the tribe, in the case of *Kimberlin v. Commission to the Five Civilized Tribes,* 104 Fed. 653, 44 C. C. A. 109, decided by the United States Circuit Court of Appeals for the Eight Circuit, it is said:

"Under these acts of Congress, the Commission to the Five Civilized Tribes is a special tribunal, vested with judicial powers to hear and determine the claims of all applicants to citizenship in the Five Tribes, and its enrollment or refusal to enroll the applicant in each particular case constitutes its judgment in that cause.   In the case before us this tribunal has heard and determined the claim of the plaintiff.   Whether its decision was right or wrong is immaterial in this court, and that question will not be considered.   Congress saw fit to intrust to the judicial discretion of the commission the determination of the application of the plaintiff in error, and of every question of law and of fact which that decision involved."

In the case of *Wallace v. Adams,* 143 Fed. 716, 74 C. C. A. 540, it is said:

"The commission under the direction of the Secretary constitutes a special tribunal vested with the judicial power to hear and determine the claims of all parties to allotments of these lands and to execute its judgments by the issues of the allotment certificates which constitute conveyances of the right to the lands to the parties who it decides are entitled to the property. This tribunal undoubtedly has exclusive jurisdiction to deter-

mine such claims and to issue such a conveyance. * * * The allotment certificate when issued, like a patent to land, is dual in its effect. It is an adjudication of the special tribunal, empowered to decide the question, that the party to whom it issues is entitled to the land, and it is a conveyance of the right to this title to the allottee. *U. S. v. Winona & St. Peter R. Co.*, 15 C. C. A. 96, 103, 67 Fed. 948, 955. Like a patent, it is impervious to collateral attack. But, as in the case of a patent, if the commission or the Secretary has been induced to issue the allotment certificate to the wrong party by an erroneous view of the law, or by a gross or fraudulent mistake of the facts, the rightful claimant is not remediless. He may avoid the decision and charge the legal title to the lands in the hands of the allottee, as he may that of the grant to a patentee, with his equitable right to it either on the ground that, upon the facts found, conceded, or established without dispute at the hearing before the special tribunal, its officers fell into an error in the construction of the law applicable to the case which caused them to refuse to issue the certificate to him and give it to another, or that through fraud or gross mistake it fell into a misapprehension of the facts proved before it which had a like effect. *James v. Germania Iron Co.*, 46 C. C. A. 476, 479, 107 Fed. 597, 600."

It appears clear that the commission was an inferior federal tribunal clothed with judicial power and exclusive jurisdiction to hear and determine the contest in this case, and that the contest had been filed and was pending when this suit to enjoin the parties was brought. We are of the opinion that the district court was without the power to enjoin Delia Bowen and Rhoda Anderson Bowen as her mother and next friend from proceeding in the contest before the commission, as was done in this case, and, this being a federal question, we quote liberally from the following decisions as decisive thereof: As early as 1807, in a case where the United States Circuit Court had enjoined proceedings in a state court, in *Diggs· & Keith v. Wolcott*, 4 Cranch, 179, 2 L. Ed. 587, it is said:

"The case was argued upon its merits by C. Lee and Seann for the appellants, and by P. B. Key for the appellee; but the court, being of opinion that a Circuit Court of the United States had not jurisdiction to enjoin proceedings in a state court, reversed the decree."

We quote from *Peck et al. v. Jenness et al.*, 7 How. 624, 12 L. Ed. 841, as follows:

"It is a doctrine of law too long established to require a citation of authorities that, where a court has jurisdiction, it has a right to decide every question which occurs in the cause, and, whether its decision be correct or otherwise, its judgment, till reversed, is regarded as binding in every other court; and that, where the jurisdiction of a court and the right of a plaintiff to prosecute his suit in it have once attached, that right cannot be arrested or taken away by proceedings in another court. These rules have their foundation, not merely in comity, but on necessity, for, if one may enjoin, the other may retort by injunction, and thus the parties be without remedy, being liable to a process for contempt in one, if they dare to proceed in the other. Neither can one take property from the custody of the other by replevin or any other process, for this could produce a conflict extremely embarrassing to the administration of justice. In the case of *Kennedy v. Earl of Cassilis*, Lord Eldon at one time granted an injunction to restrain a party from proceeding in a suit pending in the Court of Sessions of Scotland, which, on more mature reflection, he dissolved, because it was admitted, if the Court of Chancery could in that way restrain proceedings in an independent foreign tribunal, the Court of Sessions might equally enjoin the parties from proceeding in chancery, and thus they would be unable to proceed in either court. The fact, therefore, that an injunction issues only to the parties before the court, and not to the court, is no evasion of the difficulties that are the necessary result of an attempt to exercise that power over a party who is a litigant in another and independent forum."

And in the case of *Yick Wo v. Crowley* (C. C.) 26 Fed. 207:

"The Supreme Court has likewise held that a national court, not only cannot directly restrain a state court, but cannot restrain its proceedings even by an injunction issued against the parties to a suit in the state court. In that case it was attempted to restrain the state court through an injunction against the parties, and the Supreme Court holds that this cannot be done. The same doctrine was repeated in *Diad v. Reynold*, 96 U. S. 340 [24 L. Ed. 644]."

In *Haines et al. v. Carpenter et al.*, 91 U. S. 254, 23 L. Ed. 345, it is said:

Bowen et al. v. Ledbetter et al.

"In the first place, the great object of the suit is to enjoin and stop litigation in the state courts, and to bring all the litigated questions before the circuit court. This is one of the things which the federal courts are expressly prohibited from doing."

The following authorities sustain the doctrine announced in *Peck et al. v. Jenness et al., supra*: *Riggs v. Johnson County,* 6 Wall. 166, 18 L. Ed. 768; *Crescent City Live Stock L. & S. H. Co. v. Butchers U. S. H. & L. S. L. Co.,* 120 U. S. 141, 7 Sup. Ct. 472, 30 L. Ed. 614; *Freeman v. Howe,* 24 How. 450, 16 L. Ed. 749; *Buck v. Colbath,* 3 Wall. 334, 18 L. Ed. 257; *Rio Grande R. R. Co. v. Gomila,* 132 U. S. 478, 10 Sup. Ct. 155, 33 L. Ed. 400; and *Central Nat. Bank v. Stevens,* 169 U. S. 432, 18 Sup. Ct. 403, 42 L. Ed. 807, wherein the above cases are cited.

We therefore hold that a district court of this state is without power to enjoin one member of the Choctaw Tribe of Indians from contesting the right of another member of the tribe before the Commission to the Five Civilized Tribes to select and take a particular tract of the tribal lands in allotment, as was done in this case, and, this being the only question presented and considered by the court, for the reason stated, the cause should be reversed and dismissed.

By the Court: It is so ordered.