**G. G. LOEHLER CONST. CO., Inc., v. AUTH et al.**

**No. 5129.**

Court of Appeals of District of Columbia.
Submitted May 6, 1931.
Decided June 29, 1931.

Alfred Cerceo, Francis G. Matson and Alfons B. Landa, all of Washington, D. C., for appellant.

Leon Tobriner, Byron Graham, Walter N. Tobriner, and J. H. Doxtater, all of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

HITZ, Associate Justice.

This is an appeal from a final decree of the Supreme Court of the District of Columbia dismissing a bill in equity on motion.

The bill, as filed by plaintiff (appellant), a Delaware corporation, contained eight paragraphs and seven prayers.

The first three paragraphs allege the organization of plaintiff corporation in Delaware, its doing business in the District of Columbia, and the United States citizenship and District of Columbia residence of the defendants.

The fourth paragraph alleges subscription by, and delivery to, defendant Henry J. Auth of 1,000 shares of stock in plaintiff company of the par value of $10 each; its acceptance by him; his failure and refusal to pay for it, though requested; receipt of no consideration by the company for the sale; Henry J. Auth's consequent indebtedness to it of $10,000; and that he is treasurer of the company.

The fifth paragraph makes the same allegations as to the other defendant, except that his purchase is alleged to have been 500 shares, his indebtedness $5,000, and his position vice president of the company.

The sixth paragraph alleges conveyance in March, 1928, to defendants of the Appeals Building, in Washington, D. C., in escrow; its value and incumbrances; demand for reconveyance; refusal; collection and retention of the rents therefrom by defendants; and refusal to account therefor.

The seventh paragraph alleges that Henry J. Auth illegally and in violation of the Code retained $5,000, and John N. Auth $3,000, as bonuses and commissions on loans and advances made the company.

The eighth paragraph alleges that defendants sought to and did injure the credit of the company by statements that they would go into bankruptcy, to the damage of the company of $250,000, and demands a decree for that amount.

The first three prayers ask for process, discovery, and the payment of his stock subscription by each defendant.

The fourth prayer is for temporary and permanent injunctive relief against conveying or incumbrancing the Appeals Building, and for its reconveyance to the plaintiff.

The fifth and sixth prayers ask for return by defendants of the bonuses and commissions on the loans; all unlawful retentions of money; and for an accounting; while the seventh asks general relief.

Defendants' separate motions to dismiss the bill are identical except as to their names, and offer, in substance, four grounds for such action:

1. Failure to state a case for the relief sought as to the matters contained in the bill.

2. Plaintiff has a plain and adequate remedy at law.

3. Misjoinder of parties and causes of action.

4. Failure to allege any written declaration of trust, or written agreement as to the real estate, required by section 1118, D. C. Code (section 3, tit. 11, D. C. Code 1929).

The three assignments of error are:

1. The bill stated a cause of action entitling plaintiff to the relief sought.

2. The bill, though multifarious, was still within the rules which permit more than one cause of action in equity to be stated in the same bill.

3. The bill was good because it stated facts establishing a resulting trust in favor of plaintiff.

The Supreme Court in Gaines v. Chew, 2 How. (43 U. S.) 619, 642, 11 L. Ed. 402, said: "In general terms a bill is said to be multifarious, which seeks to enforce against different individuals, demands which are wholly disconnected."

The claims against the two defendants for the purchase money of stock, for the bonuses and commissions, and for the alleged actionable utterances, were wholly disconnected demands against two different individuals, though some of the demands might have been joined against each of these defendants, under the rules of the trial court.

But they were all claims as to which each defendant was entitled to trial by jury in a court of law. Tuckerman v. Mearns, 49 App. D. C. 153, 262 F. 607.

Joined with them are allegations in the fifth paragraph concerning the unlawful retention of real property, which are intended to obtain discovery, injunctive relief, specific performance, and accounting, all cognizable only in equity.

While the rules of the trial court permit adding or dropping parties when required, and, under some circumstances, joinder of causes in which the same character of relief is sought, the bill in this case does not fall within these rules.

And while a cause erroneously filed in equity can now be transferred to the law side of the court, and vice versa, Tuckerman v. Mearns, supra, no relaxation of technical pleading justifies the joinder of causes some of which are cognizable only in equity with others cognizable only at law.

Where a demurrer is sustained for misjoinder and multifariousness, and the complainant does not cure the difficulty by amendment, it is proper to dismiss the bill. Story Eq. Pl., § 284b; Dial v. Reynolds, 96 U. S. 341, 24 L. Ed. 644.

Since the reasons stated were sufficient for dismissal of the bill, discussion of the other assignments of error is unnecessary.

The decree is affirmed, with costs.

Affirmed.