**RITHOLZ et al. v. NORTH CAROLINA STATE BOARD OF EXAMINERS IN OPTOMETRY et al.**

District Court, M. D. North Carolina.
March 5, 1937.

Before PARKER, Circuit Judge, and HAYES and GLENN, District Judges.

Norman Block, of Greensboro, N. C., and Melvin H. Specter, of East Chicago, Ind., for plaintiffs.

Oscar G. Barker, of Durham, N. C., Tillett, Tillett & Kennedy, of Charlotte, N. C., and J. Melville Broughton, of Raleigh, N. C., for defendants other than the Atty. Gen. of North Carolina and the Governor of North Carolina.

A. A. F. Seawell, Atty. Gen., of North Carolina, and, as such, attorney for the Governor of North Carolina.

PARKER, Circuit Judge.

This is a suit in equity instituted by Benjamin Ritholz and others, doing business as National Optical Stores Company, against Robert N. Walker and others, constituting the North Carolina State Board of Examiners in Optometry, the Governor of North Carolina, the Attorney General of that state, and the sheriff of Mecklenburg county. Its purpose is to enjoin the defendants from enforcing against plaintiffs the provisions of the North Carolina optometry law and the terms of a certain decree entered thereunder against plaintiffs by the judge of the superior court of Mecklenburg county. A court of three judges has been constituted pursuant to section 266 of the Judicial Code, 28 U.S.C.A. § 380, and the case has been heard upon defendants' motion to dismiss, based upon a plea in abatement, contained in their answer, to the effect that the issues involved herein are involved in a suit pending in the superior court of Mecklenburg county, in which

an injunctive order has been issued binding upon the plaintiffs.

The plaintiffs are engaged in the manufacture of eyeglasses, lenses, and frames in the city of Chicago, Ill., and are not licensed to practice optometry in the state of North Carolina. They allege that they are engaged in the retail sale of eyeglasses, lenses, and frames in various cities of North Carolina; that as an incident of carrying on this business they employ optometrists and physicians who have been duly licensed by the state; that the prescriptions of these optometrists and physicians are forwarded to the main office of plaintiffs in Chicago where they are filled; that this method of doing business is forbidden by chapter 110, art. 4, § 6697, as amended by chapter 63 of the Public Laws of North Carolina of 1935, but that these statutory provisions are in contravention of the commerce clause of the Constitution and also of the due process and equal protection clauses of the Fourteenth Amendment; that the defendants have heretofore instituted a suit in the superior court of Mecklenburg county, N. C., and have obtained therein an injunction enjoining the plaintiffs from practicing optometry in the state of North Carolina; and that the defendants have publicly threatened to cite plaintiffs for contempt for violation of such injunction and have made statements that the plaintiffs are engaged in an unlawful business. The relief prayed by the bill is that defendants be enjoined from enforcing the statute against plaintiffs, that the judge of the superior court of Mecklenburg county be enjoined from entering further orders in the cause there pending, and that the sheriff of Mecklenburg county be enjoined from enforcing the injunctive order already entered therein.

The answer filed by defendants admits the institution of the injunction suit in the superior court of Mecklenburg county and the issuance of an injunction therein and, as a special defense, pleads these as grounds for dismissing the bill of complaint. A certified copy of the record of the case pending in the superior court of Mecklenburg county was introduced in evidence before us, and it appears therefrom that that suit was instituted by the members of the North Carolina State Board of Examiners in Optometry and the Attorney General of the state against the National Optical Stores Company; that the plaintiffs in this suit intervened as defendants in that and undertook the defense; that it was alleged in the complaint therein that plaintiffs here, defendants there, were engaged in the practice of optometry in violation of the statute referred to above; that injunction was sought under an allegation that there was no other adequate remedy for the protection of the public and persons licensed to practice optometry; and that it was found as a fact that plaintiffs were so engaged and injunction was issued restraining them from continuing the practice in violation of the statute. It further appears, from affidavit of the judge of the state court, that plaintiffs contended there, as they do here, that the statute sought to be enforced was void because violative of provisions of the Federal Constitution.

The statute involved forbids the practice of optometry other than under the name of the licensee or through a salaried or commissioned employee in the following language (see Pub.Laws of N. C. of 1935, p. 60):

"6697(a) It shall be unlawful for any person licensed to practice optometry under the provisions of this article to advertise, practice, or attempt to practice under a name other than his own, except as an associate of or assistant to an optometrist licensed under the laws of the State of North Carolina; and it shall be likewise unlawful for any corporation, lay body, organization, group, or lay individual to engage, or undertake to engage, in the practice of optometry through means of engaging the services, upon a salary or commission basis, of one licensed to practice optometry in this State. Likewise, it shall be unlawful for any optometrist licensed under the provisions of this article to undertake to engage in the practice of optometry as a salaried or commissioned employee of any corporation, lay body, organization, group, or lay individual."

The judge of the superior court of Mecklenburg county found the facts with respect to the practice of optometry by plaintiffs as follows:

"(3). That the defendants, Benjamin D. Ritholz, Samuel J. Ritholz, Morris I. Ritholz, Fannie Ritholz, Sylvia Ritholz and Sophia Ritholz, trading as National Optical Stores Company recently opened offices in the Independence Building, Charlotte, N. C.; that they now employ in said

offices Dr. L. H. Coffey, who makes examinations, as hereinafter stated, G. P. Sayers, and a cashier, and have in the past employed other persons; that the defendants, through their agents, advertise in the newspapers and by radio that they sell complete glasses for $3.45, and in such advertisements guarantee satisfaction; that a large number of persons, who made affidavits, submitted as testimony in this cause, responded to said advertisements by going to the offices of the defendants, but none of them were able to buy glasses for $3.45 and most of them paid several times that amount for their glasses; that several of the persons who made affidavits found their glasses completely unsatisfactory and in some instances according to the affidavit of a doctor of medicine, who specializes in the treatment of eyes, the glasses were positively injurious to the eyesight of persons who had purchased them; that the examination of the eyes of persons who purchase glasses from said defendants is made for the most part by Dr. L. H. Coffey, who is licensed to practice medicine under the laws of North Carolina, but in some instances, Dr. Coffey has been assisted in making the examination of eyes by persons not licensed as optometrists or doctors of medicine in the State of North Carolina, and none of said examinations have been made by any person licensed to practice optometry in North Carolina; 'that no separate charge is made for such examination, but such glasses as are sold are sold for a price which includes the examination of eyes; that the examinations made by Dr. Coffey are made by the use of a trial frame into which lenses are fitted and no other instruments of any kind, such as are used by optometrists, are used by Dr. Coffey; that when glasses are sold they are sent here from Chicago and the defendants collect all moneys that are paid for such glasses.

"(4). That G. P. Sayers has, since the opening of the offices of the defendant in Charlotte, while acting as an employee of the said defendants, sold or attempted to sell, furnish, replace or duplicate lenses, frames and mountings, and has replaced the same by ordering them from the defendants in Chicago without a written prescription therefor from persons authorized under the laws of the State of North Carolina to practice optometry or from a person authorized under the laws of the State of North Carolina to practice medicine, and the court finds as a fact that the defendants, through its said agent, Sayers, have practiced optometry within the meaning of the term as defined by the laws of North Carolina.

"(5). That the said Dr. L. H. Coffey has been, since the defendants opened their offices in Charlotte, employed by the defendants at a salary of $45.00 per week; that he works in the offices of the defendants trading as National Optical Stores Company, and examines the eyes of persons referred to him by the said defendants; that he keeps no record of the persons examined by him and makes no charge therefor; that he does not pay the salary of any of the other employees in said offices and has no control or supervision over them but is himself an employee of said defendants, and in making the examinations which he does make, acts as an employee of said defendants; that the said Dr. Coffey does not rent any office but said defendants furnish him space in their offices and such equipment and instruments as he uses are furnished him by defendants; that the said Dr. Coffey, prior to his employment on a salary by these defendants, had been engaged in the general practice of medicine at Lenoir, N. C. and the vicinity thereof, and immediately prior to his employment by these defendants had been practicing at Waxhaw, N. C. and the vicinity thereof, but the said Dr. Coffey had never, during his practice, made a specialty of examining the eyes of patients for the purpose of prescribing glasses for them, and, on the contrary, according to his own testimony, had so examined the eyes of patients very few times during his practice and had never, during his practice, owned any of the instruments ordinarily used in the examination of eyes.

"(6). That said defendants, Benjamin D. Ritholz, Morris I. Ritholz, Fannie Ritholz, Samuel J. Ritholz, Sylvia Ritholz and Sophia Ritholz, trading as National Optical Stores Company, have opened and propose to open other offices in the State of North Carolina where they propose to carry on business in the same way as they have been carrying it on in Charlotte, N. C.

"(7) That the said defendants are non-residents of the State of North Carolina and are not licensed to practice either op-

tometry or medicine in the State of North Carolina; that the said defendants, through their salaried employees, have been and are practicing optometry in the State of North Carolina and intend to continue said practice of optometry in said State unless restrained by the court."

The injunction thereupon issued restrained the defendants there, plaintiffs here, from:

"Engaging in the practice of optometry within the State of North Carolina; employing any means for the measurement of the powers of vision and the adaptation of lenses for the aid thereof; giving directions or advice as to the fitness or adaptation of a pair of spectacles, eyeglasses or lenses for another person to wear for the correction or relief of any condition for which a pair of spectacles, eyeglasses or lenses are used; using or permitting or allowing the use of instruments, test-cards, test-types, test-lenses, spectacles or eyeglasses or anything containing lenses or any device for the purpose of aiding any person to select any spectacles, eyeglasses or lenses to be used or worn by such last mentioned person or by any other person; selling, furnishing, replacing or duplicating or attempting to sell, furnish, replace or duplicate any lens, frame or mounting or replacing same or furnishing any kind of material or apparatus for opthalmic use without a written prescription from a person authorized under the laws of the State of North Carolina to practice optometry or from a person, other than an employee of said defendants, authorized under the laws of the State of North Carolina to practice medicine."

It is perfectly clear, we think, that, as the suit in the state court was instituted and the injunction therein was granted before the bill in this suit was filed, the bill herein must be dismissed because of the provisions of section 265 of the Judicial Code, 28 U.S.C.A. § 379, which provides:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a State, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

■ And the suit is not saved from the condemnation of this statute because plaintiffs announce at the bar of the court that they will not ask injunction against the judge of the state court or the sheriff of Mecklenburg county; for the statute forbids injunction to stay proceedings in state courts not only as against the officers of such courts, but also as against parties to such proceedings. Central Nat. Bank v. Stevens, 169 U.S. 432, 461, 18 S.Ct. 403, 42 L.Ed. 807; In re Chetwood, 165 U.S. 443, 460, 17 S.Ct. 385, 41 L.Ed. 782; Dial v. Reynolds, 96 U.S. 340, 24 L.Ed. 644; Haines v. Carpenter, 91 U.S. 254, 23 L.Ed. 345; Peck v. Jenness, 7 How. 612, 625, 12 L.Ed. 841; Diggs v. Wolcott, 4 Cranch, 179, 2 L.Ed. 587.

■■ The state court has held that the method of doing business which plaintiffs pursue in North Carolina constitutes a violation of the statute and has enjoined them from continuing to do business in that way, in a suit wherein it is alleged that the only adequate method of enforcing the provisions of the statute and protecting rights thereunder is by injunction. The defendants have resorted to that suit as a means of enforcing the statute, and there is no allegation in the bill before us that they are attempting or threatening to enforce it against plaintiffs in any other way. Plaintiffs seek in this suit to protect the method of doing business by enjoining defendants from interfering with it by attempting to enforce the statute; and, as defendants are not attempting to enforce the statute against the plaintiffs except through the proceedings in the state court, the suit at bar is nothing more than one to enjoin the defendants from asking the enforcement of the decree awarded them in that suit. This, we think, was precisely the sort of interference with state courts and the parties before them which the statute was intended to forbid. As said in the recent case of Hill v. Martin, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293:

"The prohibition of section 265 [28 U.S.C.A. § 379] is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of res judicata. It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to

any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective. The prohibition is applicable whether such supplementary or ancillary proceeding is taken in the court which rendered the judgment or in some other. And it governs a privy to the state court proceeding—like Elinor Dorrance Hill—as well as the parties of record. Thus, the prohibition applies whatever the nature of the proceeding, unless the case presents facts which bring it within one of the recognized exceptions to section 265."

And, irrespective of the statute, we think that the suit must be dismissed as an attempt to review by bill in equity in a federal court a decision of a state court. As pointed out above, the issue involved in both suits is the right of plaintiffs to do business under the method they were pursuing, and this issue was squarely determined against plaintiffs in the suit pending in the state court and injunction was issued accordingly. The rule is well settled that one court of equity will not enjoin proceedings in another of co-ordinate jurisdiction. Pomeroy's Equitable Remedies (2d Ed.) § 642; Central Trust Co. of New York v. Evans (C.C.A.6th) 73 F. 562; Furnald v. Glenn (C.C.A.2d) 64 F. 49. But, assuming that there would have been nothing objectionable in the maintenance of the suit in the federal court prior to the entry of the injunction order by the state court, it is clear that when that order was entered it was binding upon the parties (Kline v. Burke Construction Co., 260 U.S. 226, at page 230, 43 S.Ct. 79, 67 L.Ed. 226, 24 A.L.R. 1077) and not subject to review by independent suit entered in some other jurisdiction (Furnald v. Glenn, supra). The remedy of plaintiffs, if they are aggrieved by the action of the state court, is appeal to the state Supreme Court, the action of which in proper cases can be reviewed by the Supreme Court of the United States by writ of certiorari. After litigating the issue in the state court, however, they cannot remove the case to the federal district court, nor can they obtain review of an adverse decision by filing a bill in equity in that court. Baltimore & O. R. Co. v. Board of Public Works (D.C.) 17 F. Supp. 170, 176. As was well said by Judge Wallace in Furnald v. Glenn, supra (C.C.A.) 64 F. 49, at page 54, "No authority has been cited for the proposition that one court of equity will undertake to annul the interlocutory decree of another court of equity; and there is no support for it upon principle or in good sense. The party complaining of such a decree has a sufficient remedy by applying to the court which made it, and it would be most unseemly, and an intolerable interference with the orderly administration of justice, for another court to assume to interpose."

For the reasons stated, the bill will be dismissed.

Bill dismissed.