CARROLL S. FRASER, ADM'R FOR HENRY FISH v. LAPEER CIRCUIT JUDGE.

*Transfer of cause for disqualification of judge.*

Under the statute, Comp. L. § 4971, it is competent to order the transfer of a case pending in a circuit court on an appeal from commissioners on the estate of a decedent, and in which the circuit judge has been of counsel, to some other circuit court for trial and final disposition

MANDAMUS to prohibit respondent from hearing an appeal from the disallowance of a claim against the estate of relator's decedent.     Submitted April 11.     Denied April 19.

*Geo. P. Voorheis* for relator.     The jurisdiction of a circuit court does not extend beyond its own county: *Turrill v. Walker* 4 Mich. 177; *Welch v. Byrns* 38 Ill. 20; and cannot be extended by the Legislature beyond the constitutional limit: Cooley's Const. Lim. 107; High Ext. Leg. Rem. § 581.

*Geer & Williams* for respondent.

COOLEY, J.     Nothing in the argument creates any doubt in our minds of the power of the circuit judge to transfer this case from the St. Clair to the Lapeer circuit under the statute, Comp. L. § 4971.

The case is within the terms of the statute; for it is a proceeding pending in the circuit court on the law side thereof. *Prima facie*, therefore, it is within the intent. If so, it was rightly transferred.     No constitutional provision precludes such a transfer; and the Legislature in providing for it and in conferring upon the circuit court to which the case is sent authority to adjudicate, has given by implication all the necessary incidental powers, including the power to enforce its jurisdiction.     With any question of incidental or possible embarrassments or inconveniences, we have no concern on this motion.

The writ is denied.

The other Justices concurred.