## PICKETT *v.* FILER & STOWELL Co.[1]

(*Circuit Court, N. D. Florida,*  March 12, 1889.)

1. FEDERAL COURTS—REPLEVIN OF PROPERTY HELD BY SHERIFF.
   Property in the hands of the sheriff under execution from a state court is in the custody of the law, and cannot be taken by the marshal on process in a replevin suit in the United States court.

2. SAME—INTERPLEADER.
   In such case the proper remedy is for the sheriff to set up these facts by petition in the nature of interpleader in the replevin suit, and not by bill in equity for injunction.

In Equity.   Bill for injunction.

The Filer & Stowell Company brought an action of replevin on the common-law side of this court against Morgan *et al.*, to recover certain mill machinery claimed by them to be their property, and under the process in the case the marshal seized and took possession of the property. The bill alleges that, at the time of the seizure by the marshal, the complainant, as sheriff of the county, had the property in his custody under and by virtue of a writ of execution against said Morgan *et al.* issued from the state court.   It claims that the seizure by the marshal was wrongful; that complainant has no adequate remedy at law; and prays that the replevin suit be enjoined, and the property seized be restored to complainant's custody.

*Mallory & Maxwell,* for complainant.

*Blount & Blount,* for defendant.

TOULMIN, J., (*orally.*)   I think it would be error and improper for this court to permit a recovery of the property sued for in the replevin suit by the plaintiffs, (even if the rightful owners,) if the property was thereby taken from the possession of the sheriff, who held it by virtue of an execution issued upon a judgment of the state court.   The possession of the property by the sheriff by virtue of a levy under an execution issued by the state court is in itself a complete defense to the action of replevin, without regard to the rightful ownership.   *Covell* v. *Heyman,* 111 U. S. 176, 4 Sup. Ct. Rep. 355.   According to the allegations of the bill, the property was in the custody of the law, and within the exclusive jurisdiction of the state court from which the process issued, for the purposes of the writ, and the possession of the sheriff should not be disturbed by process from this court.   But how does this court take cognizance of these facts, and administer the appropriate remedy in the premises?   Not by an original bill filed by the sheriff on the equity side of the court to restrain the suit in replevin of the Filer & Stowell Company against Morgan *et al.*, but by a petition, or summary motion, or, as I think more appropriately, by a proceeding in the nature of an interpleader.   I cannot consider this bill (filed on the equity side of the court by the sheriff against the Filer & Stowell Company) as an original bill in equity, and

[1] Reported by Peter J. Hamilton, Esq., of the Mobile bar.

grant an injunction on it as is prayed for, for as such it could not, in my opinion, be maintained. The bill alleges that the complainant is wholly without remedy save in a court of equity, and it is on this ground that the injunction is asked for. He has other and adequate remedies, as I have suggested. The injunction prayed for must therefore be denied. But if the bill is presented to the court and asked to be made ancillary to the action of replevin, to be regarded as merely a petition or in the nature of an interpleader in that cause, it will be so ordered in accordance with the principles laid down in the case of *Krippendorf* v. *Hyde*, 110 U. S. 276, 4 Sup. Ct. Rep. 27.