EDMUND W. KITTRIDGE AND JOSEPH WILBY V. EDWARD
D. KINNE, CIRCUIT JUDGE OF WASHTENAW COUNTY.

*Assignment for benefit of creditors—Supervisory control of chancery court—Transfer of cause.*

1. Upon application to the chancery court to exercise its supervisory powers over common-law assignments, the assignment becomes a civil proceeding pending in the circuit court, and is subject to be transferred under How. Stat. §§ 6495-6502, which provide for the transfer of suits from one circuit to another where the presiding judge is disqualified to sit in the cause. *Fraser v. Circuit Judge*, 48 Mich. 176.

2. The following general propositions are summarized from the opinion of Chief Justice CHAMPLIN:

   *a*—It was the intention of the Legislature to place common-law assignments fully under the control and supervision of the circuit courts in chancery.

   *b*—From the time of the filing of the assignment in the office of the clerk of the court it may be said to be a proceeding pending in that court, for all the purposes of the act.

   *c*—The authority of the court to exercise its supervisory powers is called into being whenever application is made by any one authorized by the act to invoke such powers, and then the power of the court, which was before dormant, is called into activity, and its jurisdiction fully attaches to the assignment, and all matters connected therewith.

   *d*—This term "proceedings," as used in the statute, includes all matters connected with or attending the exercise of the power conferred upon the circuit courts in chancery which are necessary to enable the court to exercise its superintending control and authority conferred by the statute.

*Mandamus.* Submitted April 9, 1890. Granted April 11, 1890.

Relators applied for *mandamus* to compel the removal of a common-law assignment, and all proceedings thereunder, under How. Stat. §§ 6495-6502, providing for the

transfer of causes, etc. The facts are stated in the opinion.

*H. E. Spalding* and *John D. Conely,* for relators.

*Thomas A. Wilson,* for respondent.

CHAMPLIN, C. J. On January 14, 1890, the George T. Smith Middling Purifier Company, of Jackson, made a common-law assignment, under and in accordance with the provisions of section 8739 of Howell's Statutes, and the sections following, relating to such assignments.

The relators are creditors. They filed a petition in Jackson circuit court, alleging that the inventory was imperfect, in that it omitted property belonging to the assignor to a large amount; and also that the appraisal was incorrect, in that it greatly undervalued property contained in the inventory. They prayed that the assignee might be ordered. to file a new and supplemental inventory and appraisal. After the foregoing petition was filed in the circuit court for the county of Jackson, in chancery, the relators filed a petition with Hon. E. D. Kinne, circuit judge of Washtenaw county, setting up the making of the assignment, and the filing of the same in the office of the clerk of the circuit court for the county of Jackson; the filing and pendency of their petition in that court; the fact that Hon. Erastus Peck was judge of the circuit court of Jackson county, and that he was disqualified to act or sit in the proceedings under said assignment, by reason of being a stockholder, director, and secretary of the assignor; that the solicitor for the petitioners resided in Wayne county; and prayed for the removal of the assignment, the petition, and all matters connected therewith to the circuit court for the county of Wayne.

The petition came on to be heard before Judge Kinne,

when the assignees, by their solicitor, made a motion that the petition be dismissed for want of jurisdiction, which was granted by the court. No objection was made to the form or substance of the petition, or on account of want of proper notice; but the want of jurisdiction is based exclusively upon the statute authorizing the transfer of causes from one circuit to another, approved February 12, 1855, as amended, being section 6495 *et seq.* How. Stat. That statute authorizes the transfer of any civil suit or proceeding pending in any circuit court to another, when certain special causes exist. That the cause alleged in the petition for transfer is sufficient is not disputed.

The objection is that the assignment filed in the office of the clerk of the circuit court for the county of Jackson is not a civil suit or proceeding pending in the circuit court. The circuit courts of the respective counties are courts in chancery for such counties, and the clerk of the circuit court fills the office of register in chancery. Whether the filing of an assignment, under the terms of the statute, in the office of the clerk of the circuit court of the county, constitutes such assignment a suit or proceeding in that court, depends upon the intent of the statute, and the construction which its several sections ought to receive.

The first section (How. Stat. § 8739[1]) of the act requires the assignment, inventory, list of creditors, and bond to be filed in the office of the clerk of the circuit court of the county. The clerk of the court is to approve the bond. The assignees are required to file their reports in the clerk's office, and, in case there shall be any fraud in the matter of the assignment or in the execution of the trust, or if the assignee fails to comply with the provisions of the act, or neglects promptly and faithfully to execute his trust, the circuit court in chancery, on

---

[1] How. Stat. § 8739, amended by Act No. 215, Laws of 1889.

the application of any person interested, may, in its discretion, appoint a receiver, and may order a summary examination before himself of any party or witness at any stage of the said cause relative to any matters of said trust. Proofs of claims are to be filed in the clerk's office. If the claim is contested, the contest is to be entered upon the law side of the court, and there tried, and the amount of the claim as finally adjudicated is the amount upon which dividends are to be computed.

Section 8749[1] confers upon the circuit court in chancery of the proper county supervisory power of all matters, questions, and disputes arising under such assignment, except as otherwise provided in the act; and it may, on the application of the assignee or of any person interested, make all necessary and proper orders for the management and disposition of the assigned property, the distribution of the assets and avails, the recovery of all property claimed by third persons, and to prevent any fraudulent transfer or change in the property or effects of the assignor, or the allowance or payment of any unjust or fraudulent claim out of his estate; and may, from time to time, require new bonds or sureties; and may, on the application of the assignee or of any creditor, at all times require the assignor, upon reasonable notice, to appear before him, and submit to an examination on oath upon all matters relating to the disposal of his property, to his trade and dealings with others, and his accounts concerning the same, to all debts due or claimed from him, and to all other matters concerning his property and estate, and the due settlement thereof according to law, which examination is to be reduced to writing and filed in the office of the county clerk.

From these provisions it is gathered that it was the intention of the Legislature to place common-law assign-

---

[1] As amended by Act No. 181, Laws of 1889.

ments fully under the control and supervision of the circuit courts in chancery. From the time of the filing of the assignment in the office of the clerk of the court it may be said to be a proceeding pending in that court, for all the purposes of the act. The authority of the court to exercise its supervisory powers is called into being whenever the court is applied to by any one authorized by the act to invoke such powers, and then the power of the court, which was before dormant, is called into activity, and its jurisdiction fully attaches to the assignment, and all matters connected therewith. It is then a civil proceeding pending in the circuit court, and is subject to be transferred under the statute first above referred to. It is proper, when the circuit judge is disqualified, that the entire proceedings should be transferred, in order that the policy of the law should be carried out without embarrassment. The term "proceedings" in the statute includes all matters connected with or attending the exercise of the power conferred upon the circuit courts in chancery which are necessary to enable the court to exercise its superintending control and authority conferred by the statute.

In *Fraser v. Circuit Judge*, 48 Mich. 176, a claim against an estate was disallowed by commissioners, and the creditor appealed to the circuit court for the county of St. Clair. On application, the proceeding was transferred to the Lapeer circuit court, and this Court was asked to issue a *mandamus* to prevent the circuit court of Lapeer county from hearing the appeal. It was held that the proceedings upon the disallowance of the claim were such as could be transferred. Mr. Justice COOLEY said:

"The case is within the terms of the statute, for it is a proceeding pending in the circuit court on the law side thereof. *Prima facie*, therefore, it is within the intent. If so, it was rightly transferred. No constitutional pro-.

vision precludes such a transfer, and the Legislature in providing for it, and in conferring upon the circuit court to which the case is sent authority to adjudicate, has given, by implication, all the necessary incidental powers, including the power to enforce its jurisdiction. With any question of incidental or possible embarrassment or inconveniences we have no concern on this motion."

We think the case is in point upon this application. We think the relator is within the letter and spirit of the act, and the circuit judge is advised that he has jurisdiction, and should proceed to exercise it.

The writ will issue in accordance with the prayer of the petition.

The other Justices concurred.