### AMERICAN SHIPBUILDING CO. v. WHITNEY et al.

(Circuit Court, N. D. Ohio, E. D.    August 31, 1911.)

#### No. 8,197.

COURTS (§ 508*)—FEDERAL COURTS—JURISDICTION—STATE COURTS—"PROCEEDINGS."

    Rev. St. § 720 (U. S. Comp. St. 1901, p. 581), provides that an injunction shall not be granted by any federal court to stay "proceedings" in any court of the state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. *Held,* that the term "proceedings" as so used included the taking of depositions in an action in the state court, so that a federal court, having obtained no jurisdiction of the action, could not enjoin the taking of such depositions.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1418–1430; Dec. Dig. § 508.*

    For other definitions, see Words and Phrases, vol. 6, pp. 5631–5638.

    Enjoining proceedings in state courts, see notes to Garner v. Second Nat. Bank, 16 C. C. A. 90; Central Trust Co. v. Grantham, 27 C. C. A. 575; Copeland v. Browning, 63 C. C. A. 437.]

Action by the American Shipbuilding Company against Frank P. Whitney and others. On motion to dissolve an order restraining the taking of depositions of certain witnesses. Motion granted.

Hoyt, Dustin, Kelley, McKeehan & Andrews, for plaintiff.

Thompson & Hine, Griswold & White, and J. H. Cousins, for defendants.

DAY, District Judge. The defendants in this action have heretofore been temporarily enjoined by the Honorable John M. Killits from

proceeding with the taking of depositions of certain witnesses in an action brought by one Frank P. Whitney against William A. Hawgood et al. in the common pleas court of Cuyahoga county, and were also further enjoined from inspecting, examining, or disclosing the books, records, papers, etc., of the American Shipbuilding Company.

It appears that the temporary restraining order was granted on an ex parte hearing, and that the judge who granted the temporary injunction expresses his desire that the hearing on the motion of the defendants to dissolve the order heretofore issued may be heard and considered by me.

Inasmuch as the federal court has obtained no jurisdiction in reference to the subject in controversy, the only question for consideration is whether or not the temporary restraining order was such an order as would enjoin proceedings in a state court, contrary to the provisions of section 720 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 581).

Section 720 provides as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

The only question to decide, then, is whether or not the taking of depositions and the incidents thereto are a proceeding in a state court in contemplation of section 720 of the federal statutes.

As to what constitutes a "proceeding" in contemplation of this section, the courts have often given expression. Justice Marshall, in the case of Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, in considering and defining the term "proceedings," said:

"It is applicable to writs and executions and is applicable to every step taken in the cause; it indicates the progressive course of the business from its commencement to its termination."

In United States v. Collins, Fed. Cas. No. 14,834, it was held that "proceedings," within the meaning of the statute under consideration, include all steps taken in a suit from its inception to and including final process. The term "proceedings" includes a sale and the judgment thereon. Ruggles v. Simonton, Fed. Cas. No. 12,120; Pickett v. Filer & Stowell (C. C.) 40 Fed. 313.

So far as I am able to ascertain, there have been no decisions in the federal courts holding that the taking of depositions was a "proceeding" in contemplation of section 720 of the Revised Statutes. However, the Supreme Court of California, in the case of Burns v. Superior Court of the City and County of San Francisco, 140 Cal. 1, 73 Pac. 597, has held that the taking of a witness' deposition before a notary public to be used in a pending action was a proceeding of the court. An examination of this well-considered opinion indicates that the California statutes governing the taking of depositions are much similar to the Ohio statutes. An examination of the sections of the Ohio statutes relating to the taking of depositions and a consideration of the cases defining the term "proceedings" in contemplation of section 720 of the United States Revised Statutes leave no possible doubt

but that the taking of depositions which have been temporarily enjoined, as in this action, is a proceeding in the state court, and therefore the provisions of section 720 are applicable.

As was said by Judge Taft in the case of American Association, Ltd., v. Hurst, 59 Fed. 1, 7 C. C. A. 598, in referring to section 720:

"That section was passed, not to preserve comity and harmonious action between courts of the same sovereign exercising concurrent jurisdiction, but to attain such an end, and prevent unseemly conflict between courts of different sovereigns exercising concurrent jurisdiction over the same territory. The purpose of the statute is so important that a liberal construction should be given to accomplish it."

In the case at bar this court has not obtained jurisdiction, nor has the case in question been removed to the federal court, and no question is presented involving proceedings in the state court which would have the effect of defeating or impairing the jurisdiction of this court. The jurisdiction of the state court has attached in the suit of Frank P. Whitney v. William A. Hawgood et al. in the common pleas court of Cuyahoga county, and it is quite apparent that the federal statute absolutely prohibits this court from enjoining the taking of depositions in the state court.

The motion to dissolve the temporary restraining order will be granted, the complaint dismissed, and exceptions given to the complainant.