# HYATTSVILLE BUILDING ASSOCIATION *v.* BOUIC.

---

### COURTS; INJUNCTION; PROCEEDING; STATUTES.

1. The supreme court of the District of Columbia is a court of the United States within the meaning of sec. 265 of the Judicial Code (36 Stat. at L. 1162, chap. 231, Comp. Stat. 1913, § 1242), providing that no court of the United States shall grant any writ of injunction to stay proceedings in any State court, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy. (Citing D. C. Code, sec. 61, 31 Stat. at L. 1199, chap. 854; and *United States* v. *Baltimore & O. R. Co.* 26 App. D. C. 581.)

2. A foreclosure proceeding in Maryland by mortgagee of land in that State, under article 66 of the Maryland Code, which provides, among other things, that a sale under a power of sale in a mortgage can only be made after the giving of a bond approved by the judge or clerk of a court of equity, and must be reported to the court, where-upon there shall be the same proceeding on such report as if the sale were made by a trustee under decree of the court, and that the court has power to hear and determine any objections to a sale by any parties interested, and to confirm or set aside the sale,—is a proceeding in a court of a State, which a United States court is prohibited from staying by writ of injunction by sec. 265 of the Judicial Code.

3. The term "proceeding" is a very comprehensive term, and, generally speaking, means a prescribed course of action for enforcing a legal right, and hence it necessarily embraces the requisite steps by which judicial action is invoked.

4. The purpose of sec. 265 of the Judicial Code being to prevent unseemly conflict between State and Federal courts, it should be given such an interpretation as will effectuate its obvious purpose.

No. 2900.    Submitted January 5, 1916.    Decided February 7, 1916.

HEARING on an appeal (specially allowed) by the defendants from an order of the Supreme Court of the District of Columbia sitting as an equity court, restraining them *pendente lite* from selling in Maryland, under a mortgage executed in that State, the real estate covered by the mortgage.                *Reversed.*

The facts are stated in the opinion.

*Mr. C. A. M. Wells, Mr. Daniel Thew Wright,* and *Mr. T. M. Wampler,* for the appellants, in their brief cited:

*United States* v. *B. & O. R.* 26 App. 581; *Chisholm* v. *Georgia,* 2 Dall. 418; *State* v. *District Ct.* 33 Mont. 138, 142; *American Shipbuilding Co.* v. *Whitney,* 190 Fed. 109; *Kittredge* v. *Kimmie,* 80 Mich. 200; *Smith* v. *Brown,* 20 Ont. 165; *Ex parte McGee,* 33 Or. 165; *Dillon* v. *R.* 43 Fed. 109; *Whitney* v. *Wilder,* 54 Fed. 554; *Mills* v. *Provident Life,* 100 Fed. 346; *Yick Wo* v. *Crawley,* 26 Fed. 207; *Dial* v. *Reynolds,* 96 U. S. 340; *Sargeant* v. *Helton,* 115 U. S. 348; *United States* v. *Parkhurst,* 176 U. S. 317; *Haines* v. *Carpenter,* 91 U. S. 254; *Hackrader* v. *Wadley,* 172 U. S. 164; *Hale* v. *Bugg,* 82 Fed. 33; *Trust Co.* v. *Folsom,* 75 Fed. 929; *Trust Co.* v. *Cincinnati,* 73 Fed. 716; *American Asso.* v. *Hurst,* 59 Fed. 1; *Albert* v. *Hamilton,* 76 Md. 304; *Harris* v. *Pullman,* 84 Ill. 20; *Bank* v. *Rutland R. Co.* 28 Vt. 470; *Mead* v. *Merritt,* 2 Paige, 402; *Williams* v. *Ayrault,* 31 Barb. 364; *Carroll* v. *Farmers' Bank,* Harr. (Mich.) 197; *Bldg. Asso.* v. *Fisk,* 20 App. 515; *Bldg. Asso.* v. *Pifer,* 31 App. 434; *Lockwood* v. *Nye,* 2 Swan, 515, 58 Am. Dec. 76; D. C. Code, secs. 692, 693; Maryland Code, art. 23, secs. 134, 136, 137; U. S. Stat. 1913-1914, p. 737; U. S. Judicial Code, sec. 265; Maryland Code, art. 66, secs. 6–12.

*Mr. W. Gwynn Gardiner,* for the appellee, in his brief cited:

*National Union* v. *Sawyer,* 42 App. D. C. 475; *Pifer* v.

*Wash. Nat. Bldg. Asso.* 31 App. D. C. 434; 2 Md. Anno. Code,
art. 66, p. 1517; Miller, Eq. Proc. secs. 452–476; *Albert* v.
*Hamilton,* 76 Md. 304; *Hanover F. Ins. Co.* v. *Brown,* 77 Md.
64, 71; *Keys* v. *Dorsey,* 5 Md. 99; *Walker* v. *Cockey,* 38 Md.
75; *Md. Permanent Land Co.* v. *Smith,* 41 Md. 516; *Carroll*
v. *Kershner,* 47 Md. 262; Sections 61, 64, 69, of the Code;
*United States* v. *B. & O. R. Co.* 26 App. D. C. 581; 11. Cyc.
1017; *Brown* v. *Slocum,* 30 App. D. C. 576; *Building Asso.* v.
*Andrews,* 95 Md. 696; *Clark* v. *Bradley Co.* 6 App. D. C. 437;
29 Harv. L. Rev. p. 105; *Carroll* v. *Henderson,* 68 So. Ala. 1;
*Ryan* v. *Newcomb,* 125 Ill. 91; *Davis* v. *Bower,* 29 Colo. 422;
2 Jones, Mortg. section 1906; *Green* v. *Elbert,* 137 U. S. 615;
*Supreme Council, R. A.* v. *Samuel Green,* 237 U. S. 531.

Mr. Justice Robb delivered the opinion of the Court:

This is a special appeal, and involves an interlocutory order
restraining the appellants, Hyattsville Building Association, of
Hyattsville, Maryland, and C. Francis Owens, from selling in
Maryland, under the terms of their mortgage, Maryland real
estate, for failure to fulfil conditions of the mortgage, the ap-
pellee, Harry V. Bouic, being the mortgagor.

After the alleged default of the appellee, the appellants insti-
tuted in the circuit court for Montgomery county, Maryland,
a statutory proceeding for the foreclosure of the mortgage, and
advertised the property for sale in accordance with the statutes
of Maryland.    Before the sale could take place, appellee filed
his bill in the court below, and obtained a temporary restraining
order, which, upon a later hearing, was continued, and this
appeal granted.    The view we take of the case renders it un-
necessary to set forth the averments of the bill.

Sec. 265 of the Judicial Code of the United States [36 Stat.
at L. 1162, chap. 231, Comp. Stat. 1913, § 1242] ordains that
"the writ of injunction shall not be granted by any court of the
United States to stay proceedings in any court of a State, except
in cases where such injunction may be authorized by any law
relating to proceedings in bankruptcy."    The supreme court of

the District of Columbia is a court of the United States, and
hence within the purview of this section.    D. C. Code, sec.
61 [31 Stat. at L. 1199, chap. 854]; *James* v. *United States,*
202 U. S. 401, 50 L. ed. 1079, 26 Sup. Ct. Rep. 685.    Because,
as pointed out in *United States* v. *Baltimore & O. R. Co.* 26
App. D. C. 581, that court exercises the jurisdiction elsewhere
exercised by State and Federal courts, it is none the less a court
of the United States within the meaning of the above provision
of the Judicial Code.    The declaration of policy contained in
that provision is all-embracing, and includes all courts of the
United States.    *Dial* v. *Reynolds,* 96 U. S. 340, 24 L. ed. 644;
*Sargent* v. *Helton,* 115 U. S. 348, 29 L. ed. 412, 6 Sup. Ct.
Rep. 78; *United States* v. *Parkhurst-Davis Mercantile Co.* 176
U. S. 317, 44 L. ed. 485, 20 Sup. Ct. Rep. 423.    We therefore
are clearly of the opinion that under the provisions of this stat-
ute the supreme court of the District of Columbia is pro-
hibited from issuing an injunction to stay proceedings in a
State court, except under the bankruptcy act.

The question remains whether what the court restrained was
a "proceeding" in a court of Maryland.    Appellants were mov-
ing under article 66 of volume 2 of the Maryland Code, which,
it is conceded, marks the procedure to be followed in foreclosing
such a mortgage.    Sec. 6 of article 66 authorizes the insertion,
in a mortgage, of a power of sale such as is to be found in the
present mortgage.    Under sec. 7, when such a sale is to be made,
the person so authorized is required to give bond to the State,
in such penalty and with such security "as shall be approved by
the judge or clerk of a court of equity of the city or county in
which the mortgaged premises lie,  *  *  *  to abide by and
fulfil any order or decree which shall be made by any court of
equity in relation to the sale of such mortgaged property or the
proceeds thereof."    Sec. 8 provides for the giving of notice.
Sec. 9 reads as follows:  "All such sales shall be reported under
oath to the court having chancery jurisdiction where the sale
is made, and there shall be the same proceedings on such report
as if the same were made by a trustee under a decree of said
court, and the court shall have full power to hear and determine

any objections which may be filed against such sale by any person interested in the property, and may confirm or set aside said sale." By sec. 10 it is provided that if a sale is set aside a resale may be ordered by the party who made the previous sale, or, if justice requires, the court may appoint a trustee to make the resale. Sec. 11 ordains that all such sales, when confirmed by the court and the purchase money paid, shall pass all the title which the mortgagor had in the mortgaged premises at the time of the recording of the mortgage.

We now will turn to a decision of the court of appeals of Maryland interpreting this statute. In *Albert* v. *Hamilton,* 76 Md. 304, 25 Atl. 341, a sale of land under a mortgage had taken place, and in due course had been confirmed by the court, agreeably to the provisions of the statute. Subsequently a bill in equity was filed in which it was sought to challenge the validity of the mortgage. The court ruled that this question might have been raised by the mortgagor in objecting to the ratification of the sale, and that not having been raised at that time, the bill in equity could not be sustained. In the course of its opinion the court said: "The purpose of this legislation was to provide a more expeditious and less expensive method of enforcing mortgages than the former proceeding by formal bill in equity, but not, by any means, to impair or defeat the right of the mortgagor to be heard in defense of his property. And in enabling him to make *any objections against a sale,* which would take away his title, the statute has preserved to him his unquestionable right to show that the mortgage was invalid, and therefore did not justify a sale of his property. Under a formal bill in equity, the court in a proper case decrees that a sale shall be made, and appoints a trustee to execute its decree; and after the sale is made, it hears objections to the mode in which it has been conducted; but in the proceedings under the statute, the question of sale comes before the court for the first time when the sale is reported for ratification, and then all objections against the sale are to be heard and determined. The difference is that in the one case the propriety of making

a sale is decided before the decree is passed; and in the other all questions are decided on the ratification. The right of the mortgagor to make his defenses is the same in each case."

Generally speaking, the term "proceeding" means a prescribed course of action for enforcing a legal right, and hence it necessarily embraces the requisite steps by which judicial action is invoked. It is a very comprehensive term. *State ex rel. Carlton* v. *District Ct.* 33 Mont. 138, 82 Pac. 789, 8 Ann. Cas. 752; *Kittridge* v. *Kinne,* 80 Mich. 200, 44 N. W. 1051; *United States* v. *Collins,* 4 Blatchf. 142, Fed. Cas. No. 14,834. Moreover, the purpose of sec. 265 of the Judicial Code [36 Stat. at L. 1162, chap. 231, Comp. Stat. 1913, § 1242], here involved, being to prevent unseemly conflict between State and Federal courts, the statute should be given such an interpretation as will effectuate its obvious purpose. *American·Asso.* v. *Hurst,* 7 C. C. A. 598, 16 U. S. App. 325, 59 Fed. 1; *American Shipbuilding Co.* v. *Whitney,* 190 Fed. 109.

Appellants had taken the initial steps provided by the Maryland statutes for the foreclosure of their mortgage, thereby setting in motion the machinery of the law in that jurisdiction. Inasmuch as the statute requires report of a sale to a court, it is not material that proceedings are *ex parte* up to that point. The court then has sole jurisdiction to determine the rights of the parties, and affirmative action by the court is necessary to give validity to the sale. Viewing the statute as a whole, in the light of its interpretation by the court of appeals of Maryland, we are unable to escape the conclusion that proceedings thereunder may not be stayed by a court of the United States except under the bankruptcy act. It follows that the judgment must be reversed, with costs, and the cause remanded, with directions to dismiss the bill.          *Reversed and remanded.*

A petition for the allowance of an appeal to the Supreme Court of the United States, or the issuance of a writ of error to remove the cause to that Court was denied February 24, 1916.