## MARBLEHEAD LAND CO. v. LOS ANGELES COUNTY et al.

### (District Court, S. D. California, S. D.    October 31, 1921.)

### No. F-58.

1. **Courts ☞508(5)—Federal court may not enjoin proceedings to enforce state condemnation judgment.**

   Under Jud. Code, § 265 (Comp. St. § 1242), generally forbidding federal courts to enjoin proceedings in a state court, a federal court may not enjoin a county from taking possession of a highway condemned in a suit in the state court, where the county is proceeding under and in pursuance of a judgment of condemnation, and a writ to aid enforcement of the judgment properly issued out of the state court.

2. **Courts ☞508(5)—Federal court will not determine propriety of state court's action in issuance of writ enforcing its judgment.**

   Where injunction is sought in a federal court to restrain a county from taking possession of land condemned by virtue of a judgment of the state court and a writ in aid thereof, the federal court need not decide the claim that the writ was improperly issued, the orderly procedure being to move the state court to have the writ recalled if improperly issued.

3. **Eminent domain ☞249—Court may issue writ of assistance to place plaintiff in possession.**

   The superior court of California has power to issue a writ of assistance to place plaintiff in possession, in a suit to condemn land.

4. **Courts ☞508(1)—Right to injunction pending appeal does not authorize federal court to enjoin proceedings in state court.**

   The doctrine that a court may stay proceedings pending an appeal from a judgment dissolving a temporary injunction, though the court may be of opinion that the parties securing the injunction may not eventually prevail, cannot be invoked as against Jud. Code, § 265 (Comp. St. § 1242), forbidding federal courts to enjoin proceedings in a state court.

5. **Injunction ☞129(1)—Suit in federal court to enjoin proceedings in state court dismissed without prejudice**

   Where a suit in a federal court to enjoin a county from taking possession of land under judgment of condemnation in a state court must be refused as contrary to Jud. Code, § 265 (Comp. St. § 1242), as to enjoining proceedings in other courts, the bill may be dismissed without prejudice, as not to be regarded as an adjudication on the matters set forth in the bill.

In Equity. Suit by the Marblehead Land Company against the County of Los Angeles and others. Dismissed without prejudice.

Anderson & Anderson, Newby & Palmer, and Grant Jackson, all of Los Angeles, Cal., for complainant.

A. J. Hill, Co. Counsel, and Paul Vallee, Chief Deputy, both of Los Angeles, Cal., for defendants.

TRIPPET, District Judge. [1] This is a suit to enjoin the county of Los Angeles from taking possession and throwing open to public use a highway condemned in a suit in the superior court of California by the county of Los Angeles against the predecessors of the plaintiff in this case. The judgment of condemnation has been affirmed by the Supreme Court of the state, and is a final judgment. A temporary injunction was issued herein, restraining the defendants from taking

such possession on the ground that the county was proceeding, as claimed by the plaintiff, in violation of the terms and conditions of the judgment rendered in the condemnation suit, and not under and in pursuance thereof.

Since the commencement of the trial of this case the facts involved in the situation are entirely changed. The county of Los Angeles has secured a writ to issue out of the superior court of the state of California, in and for the county of Los Angeles, to place the county of Los Angeles in possession of the property condemned, and the county now claims to be proceeding under and in pursuance of the judgment of condemnation and the writ issued out of the said superior court.

*Is this a suit to stay proceedings in a court of the state of California within the meaning of section 265 of the federal Judicial Code?*

Section 265 of the federal Judicial Code (Comp. St. § 1242) is as follows:

"The writ of injunction shall not be granted by any court of the United States to stay proceedings in any court of a state, except in cases where such injunction may be authorized by any law relating to proceedings in bankruptcy."

In discussing the meaning of the word "proceedings" used in that section, Judge Day, in American Shipbuilding Co. v. Whitney et al. (C. C.) 190 Fed. 109, 110, used the following language:

"As to what constitutes a 'proceeding' in contemplation of this section, the courts have often given expression. Justice Marshall, in the case of Wayman v. Southard, 10 Wheat. 1, 6 L. Ed. 253, in considering and defining the term 'proceedings,' said: 'It is applicable to writs and executions and is applicable to every step taken in the cause; it indicates the progressive course of the business from its commencement to its termination.'

"In United States v. Collins, Fed. Cas. No. 14,834, it was held that 'proceedings,' within the meaning of the statute under consideration, include all steps taken in a suit from its inception to and including final process. The term 'proceedings' includes a sale and the judgment thereon. Ruggles v. Simonton, Fed. Cas. No. 12,120; Pickett v. Filer & Stowell (C. C.) 40 Fed. 313."

I have examined the authorities referred to by Judge Day and they support the above quotation from his opinion. The case of United States v. Collins, Fed. Cas. No. 14,834 supra, is a case directly in point. While it was not necessary for the court in that case to decide the point, nevertheless, it was appropriate for the court to remark, in construing the meaning of the word "proceedings," the following:

"This term 'proceedings' may properly, and, I think, must necessarily, include all steps taken by the court, or by its officers, under its process, from the institution of the suit until the close of the final process of execution which may issue therein. Cropper v. Coburn (Case No. 3,416)."

See, also, Yick Wo v. Crowley (C. C.) 26 Fed. 207; Peck v. Jenness, 7 How. 625, 12 L. Ed. 841; Haines v. Carpenter, 91 U. S. 257, 23 L. Ed. 345; Dial v. Reynolds, 96 U. S. 340, 24 L. Ed. 644.

Section 265 of the federal Judicial Code was applied in the case of Western Union Telegraph Co. of Illinois et al. v. Louisville & N. R. Co., 218 Fed. 628, 134 C. C. A. 386. This was a condemnation

suit, and the principle involved was very similar to the one before the court.

*It is then appropriate for us to inquire, Is there any process that the superior court of the state of California, in and for the county of Los Angeles, can issue to execute the judgment of condemnation heretofore rendered?*

The Supreme Court of the state of California had the principle involved here before it in the case of Montgomery v. Tutt, 11 Cal. 191. In that case Field, Justice, delivering the opinion, said:

"The power of the court to issue the judicial writ, or to make the order, and enforce the same by a writ of assistance, rests upon the obvious principle that the power of the court to afford a remedy must be coextensive with its jurisdiction over the subject-matter. Where the court possesses jurisdiction to make a decree, it possesses the power to enforce its execution. It is true that in the present case the decree does not contain a direction that the possession of the premises be delivered to the purchaser. It is usual to insert a clause to that effect, but it is not essential. It is necessarily implied in the direction for the sale and execution of a deed. The title held by the mortgagor passes under the decree to the purchaser upon the consummation of the sale by the master's or sheriff's deed. As against all the parties to the suit, the title is gone; and as the right to the possession, as against them, follows the title, it would be a useless and vexatious course to require the purchaser to obtain such possession by another suit. Such is not the course of procedure adopted by a court of equity. When that court adjudges a title to either real or personal property, to be in one as against another, it enforces its judgment by giving the enjoyment of the right to the party in whose favor it has been decided."

The case of Montgomery v. Tutt was cited and approved by the Supreme Court of the United States in the case of Root v. Woolworth, 150 U. S. 401, 412, 14 Sup. Ct. 136, 37 L. Ed. 1123. In a more recent case, and probably a case more applicable than the case of Montgomery v. Tutt is the case of Kirsch v. Kirsch, 113 Cal. 56, 45 Pac. 164. That was a case of divorce, and in the divorce proceeding the court adjudicated the rights of the parties relative to the community property. After the decree, application was made for a writ of assistance to place the plaintiff in possession, and the court said on page 63, of 113 Cal., at page 166 of 45 Pac.:

"There is left for consideration the question whether a writ of assistance is the proper process in such a case. Our statutory action of divorce in its nature pertains to equity. The court, in fixing the status of the litigants, has the unquestioned power to dispose of the property of the community, dividing it between the spouses in such proportions as seem just. It has also jurisdiction to determine whether or not a given piece of property is or is not community property. Having these ample powers to adjudge and to award, it would be anomalous indeed if, under our simplified procedure, it were obliged to send either of the parties into another forum to prosecute another action to obtain possession of that which it had the power to give.

"Discussing the powers of a court of equity, this court said in Montgomery v. Tutt, 11 Cal. 191: 'The power of the court to issue the judicial writ, or to make the order and enforce the same by writ of assistance, rests upon the obvious principle that the power of the court to afford a remedy must be coextensive with its jurisdiction over the subject-matter.' Says Chancellor Kent in Kershaw v. Thompson, 4 Johns Ch. 609: 'When the court has obtained lawful jurisdiction of the case, and has investigated and decided upon its merits, it is not sufficient for the ends of justice merely to declare the right, without affording the remedy.'"

[2] Objection is raised to the writ issued by the clerk of the superior court. It is claimed that the writ was improperly issued. It is not necessary for this court to decide that question. The writ was issued under the seal of the court, and is in the hands of the sheriff. The orderly procedure is to move the court to have the writ recalled, if it has not been properly issued, and thereupon the court may adjudicate any further troubles that the parties may have. If the writ has been improperly issued, application should be made to the court for writ of assistance, and the court will then determine whether or not the county is entitled to such writ.

[3] That the superior court of the state of California, in and for the county of Los Angeles, has the power to issue a writ of assistance to place the plaintiff in a condemnation suit in possession of the property condemned, this court has no doubt. That the power to issue writs of assistance for carrying into execution judgments, which the judicial department of the state of California has power to pronounce, carries with it the power to withhold such writ in a proper case seems to be one of those plain propositions which reasoning cannot render plainer. Therefore both parties here have a plain, simple, and complete remedy in the court where this judgment was pronounced. They should go there and not seek to take the law in their own hands, nor apply to some other court for relief. There is no evidence here that the county procured the judgment in the superior court by fraud, nor is the county seeking to make a fraudulent use of the judgment. The real complaint that the plaintiff makes is not that the county is not seeking an enforcement of the judgment, but that the county is seeking to avoid the judgment by not following its terms and conditions. Whether the county is seeking to take an inequitable advantage of the plaintiff here by reason of that judgment must be determined by the court that rendered the judgment, in determining whether or not the plaintiff there, the county, is entitled to enforce the judgment by writ of assistance. No court will permit its process to be abused.

The possession heretofore granted the county to construct the road was not a complete and full possession, and the county is not in possession of the property for the purposes for which the road was condemned. The superior court could have given them absolute possession of the property, but it did not do so. It is the duty of the superior court now to determine whether or not the county is entitled to possession, and out of respect for the authorities vested in the state of California this court will not interfere in that proceeding.

*The doctrine of restraining proceedings pending an appeal.*

[4] It is well-settled law that a court will often stay proceedings pending an appeal from a judgment dissolving a temporary injunction, though the court may be of the opinion that the parties securing the injunction may not eventually prevail. It is done to preserve the rights of the parties in the event that the court is wrong in refusing the injunction. But this doctrine cannot prevail here for the same reason hereinabove mentioned. The law prohibits this court from issuing an injunction to stay proceedings in a state court.

[5] It might be that an unqualified dismissal of this action would jeopardize the rights of the parties in future litigation, and be regarded as a final adjudication upon the matters set forth in the bill. This should not be, and therefore the decree will be that the bill be dismissed without prejudice.