*In re* FURNITURE, INCORPORATED.

CLAIM OF COLUMBIA PANEL MANUFACTURING COMPANY.

1. ASSIGNMENTS FOR BENEFIT OF CREDITORS—EFFECT OF FILING.

    An assignment for the benefit of creditors is a civil proceeding pending in the circuit court, for all the purposes of the act regulating such assignments, from the time of filing of the assignment in the office of the clerk of the court (CL 1948, § 642.1 *et seq.*).

2. SAME—JURISDICTION OF CIRCUIT COURT.

    The jurisdiction of the circuit court to exercise its supervisory powers as to an assignment for the benefit of creditors is called into being whenever the court is applied to by anyone authorized by the statute regulating such proceedings and fully attaches to the assignment and all matters connected therewith (CL 1948, § 642.1 *et seq.*).

3. SAME—"PROCEEDINGS" DEFINED.

    The term "proceeding," as used in statute regulating assignments for the benefit of creditors, includes all matters connected with or attending the exercise of the power conferred upon the circuit court in chancery necessary to enable it to exercise its superintending control and authority conferred by the statute (CL 1948, § 642.1).

4. SAME—FILING OF NOTICE OF CONTEST AND COUNTERCLAIM—WITHDRAWAL OF CLAIM—CONSENT.

    The filing of a claim and notice of contest with a set-off or counterclaim in an assignment for the benefit of creditors has the same effect as filing pleadings in a suit in chancery or an action at law and renders applicable court rule prohibiting withdrawal of the claim without the consent of the opposing party (CL 1948, § 615.8; § 642.1 *et seq.;* Court Rule No 38, § 1 [1945]).

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 4 Am Jur, Assignments for Benefit of Creditors, §§ 4, 7.
[6] 3 Am Jur, Appeal and Error, §§ 245, 820.
[7] 3 Am Jur, Appeal and Error, § 670.

5. SAME—WITHDRAWAL OF CLAIM AFTER COUNTERCLAIM FOR MORE
   THAN $500 HAD BEEN FILED—APPEAL AS OF RIGHT.
     The trial court's decision permitting claimant for $14,039.20
       to withdraw its claim in proceedings by way of assignment
       for benefit of creditors after the assignee had filed a notice
       of contest and set up a counterclaim for $225,355.56, was
       a final order and appealable as a matter of right, hence it
       was unnecessary to obtain leave to appeal (CL 1948, § 615.8;
       § 642.1 *et seq.*).

6. APPEAL AND ERROR—QUESTIONS REVIEWABLE—AFFIRMATIVE JUDG-
   MENT ON COUNTERCLAIM.
     Question as to whether or not the trial court could award an
       affirmative judgment upon counterclaim by assignee for bene-
       fit of creditors against claimant is not before Supreme Court
       on appeal from order permitting claimant to withdraw its
       claim, where the merits of neither the claim nor the counter-
       claim have been passed upon by the trial court.

7. SAME—SETTLEMENT OF BILL OF EXCEPTIONS—EXTENSION OF TIME
   —WAIVER OF OBJECTIONS.
     Appellee who failed to raise objection as to extension of time
       within which to settle bill of exceptions in that proper no-
       tice was not served when record was settled, waived the
       requirement of notice (Court Rule No 65 [1945]).

Appeal from Kent; Brown (William B.), J. Sub-
mitted June 7, 1950. (Docket No. 24, Calendar No.
44,696.) Decided September 12, 1950.

Furniture, Incorporated, filed a common-law as-
signment for creditors. Columbia Panel Manu-
facturing Company filed its claim. The assignee
filed counterclaim. The trial court allowed the
claimant to withdraw claim. Assignee appeals. Re-
versed and remanded for further proceedings.

*Dilley & Dilley,* for assignee.

*Alexander, Cholette, Buchanan, Perkins & Conklin*
(*Stanley Cheff,* of counsel), for claimant.

SHARPE, J.  This case involves the right of a creditor to withdraw its claim in a proceeding to liquidate the affairs of an insolvent debtor where the assignee for the benefit of creditors has filed a counterclaim to such claim.

The facts are not in dispute.  On August 3, 1948, the Furniture, Incorporated, filed in the circuit court of Kent county an assignment of all of its corporate assets to Shirley C. DeGroot for the benefit of the creditors of the corporation, who took over, filed his bond and proceeded to discharge the obligations of his trust.  On November 8, 1948, proof of claim of Columbia Panel Manufacturing Company, of North Carolina, was filed with the clerk of the court for merchandise sold and delivered to Furniture, Incorporated, in the amount of $14,039.20. Later the assignee filed objections to the allowance of this claim in which there was set up a counterclaim in the sum of $225,355.56.

On June 8, 1949, the assignee filed a petition in the circuit court of Kent county asking for a determination of his rights in respect to his counterclaim against Columbia Panel Manufacturing Company. The petition came on for a hearing and on September 28, 1949, an order was entered authorizing Columbia Panel Manufacturing Company to withdraw its claim and forfeit all rights to the assets of the receivership of Furniture, Incorporated.

The assignee appeals and urges that the legal question involved in this case is governed by Court Rule No 38, §1 (1945), which reads as follows:

"The plaintiff may at any time, before answer filed, and on the payment of costs, discontinue his suit by notice of discontinuance filed in the cause and giving notice thereof to the defendant or his attorney.  Thereafter he may discontinue, on the same terms, only (1) upon filing a stipulation to that effect signed by the defendant, or his attorney, or (2) on

the order of the court or judge made on special motion in which the grounds for such discontinuance shall be set forth and which shall be supported by affidavit. After a recoupment, set-off or cross bill has been pleaded by a defendant no discontinuance against such defendant may be had except by consent."

It appears that during the oral argument on assignee's petition before the trial court, the Columbia Panel Manufacturing Company offered to withdraw its claim and forfeit all right to any proceeds. We note that under CL 1948, § 615.8 (Stat Ann § 27.833), "In any action hereafter commenced in this State when the defendant has given notice of a set-off or recoupment, the plaintiff shall not be allowed to discontinue his suit or submit to a nonsuit without the consent of the defendant." We also note that Court Rule No 38 refers to "suit" while the statute refers to "any action." The pivotal question in the case at bar is, whether a proceeding in an "assignment for the benefit of creditors" is such a suit or action as is contemplated by the rule or statute.

CL 1948, § 642.1 (Stat Ann 1943 Rev § 27.2417) provides that such assignment shall include all assets and without preference of creditors. CL 1948, § 642.3 (Stat Ann 1943 Rev § 27.2419) enumerates certain specific powers of the assignee and provides:

"Among other things the said assignee shall have power to:

"1. Sue in his own name as such assignee and recover all the estate, debts and things in action belonging or due to such assignor in the manner and with like effect as he might or could have done if an assignment had not been made, but no suit in chancery shall be brought by the assignee involving less than 500 dollars without the consent of the court.

"2. Take into his hands all the estate of such assignor whether delivered to him or afterwards discov-

ered, and all books, vouchers and papers relating to the same;

"3. From time to time sell the assets at public auction or at private sale, as herein provided;

"4. Redeem all mortgages and conditional contracts or other incumbrances and pledges of personal property; or sell such property subject to such incumbrances, contracts or pledges;

"5. Settle all matters and accounts between such assignor and his debtors and creditors and examine, on oath to be administered by him, any person touching such matters and accounts;

"6. Compound with any person indebted to such assignor, under order of said court or judge;

"7. Prosecute or defend suits pending in favor of or against said assignor."

CL 1948, § 642.5 (Stat Ann 1943 Rev § 27.2421) provides for notice to creditors, while CL 1948, § 642.7 (Stat Ann 1943 Rev § 27.2423) provides for the procedure for the contest of claims and reads as follows:

"The assignee may contest any claim. Any creditor desirous of having a claim contested may by writing request the assignee to do so and the service of any such request shall operate to stay the payment of any dividend upon such claim until the further order of the court; or any creditor may petition the court for an order requiring the assignee to contest any claim. The contest of any claim shall be instituted by serving, personally or by mail, a notice upon the claimant stating that such claim will be contested and for what reasons. Upon said proof of claim and proof of such service being filed with the clerk of said court, he shall enter such contest upon the law side of the court as a cause in the name of such creditor against such assignor. The circuit court of such county shall proceed with the trial of said cause in the same manner as in other suits at law and shall have the power to cause further pleadings

to be filed and to allow new or amended ones as may be deemed necessary. The costs or any part thereof may be awarded to either party as the court may deem just and right under the circumstances. Whenever costs are awarded to the creditor, they shall be taxed and shall be paid by the assignee out of the assets if he has sufficient for that purpose. On the filing of the assignment referred to in section 1 hereof (CL 1948, § 642.1), the assignor shall pay to the clerk of the court a filing fee of $3.00. For all subsequent proceedings, fees shall be due and payable in accordance with the provisions of the statute relating generally to trials in circuit court."

CL 1948, § 642.8 (Stat Ann 1943 Rev § 27.2424) provides for set-offs and reads as follows:

"In all cases of mutual debts or mutual credits between the estate of an assignor and a creditor, the account shall be stated and 1 debt shall be set off against the other and the balance only shall be allowed or paid. A set-off or counterclaim shall not be allowed in favor of any debtor of the assignor which is not provable against his estate, or which was purchased by or transferred to such debtor after the filing of the assignment or prior to the filing thereof with a view to such use and with knowledge or notice that such assignor was insolvent."

CL 1948, § 642.9 (Stat Ann 1943 Rev § 27.2425) provides, among other things, that the circuit court in chancery shall have supervisory power of all matters, questions and disputes arising under such assignment, with certain exceptions not here involved, and may make all necessary and proper orders for the allowance of claims, the re-examination thereof, and the distribution of the assets and avails.

Under section 642.7 it is provided that the contest of any claim shall be instituted by serving personally or by mail a notice upon the claimant stat-

ing that such claim will be contested and for what reasons; that upon proof of claim and notice being filed with the clerk of the court, he shall enter such contest upon the law side of the court as a cause in the name of such creditor against such debtor. The circuit court of such county shall proceed with the trial of said cause in the same manner as in other suits at law and shall have power to cause further pleadings to be filed and to allow new or amended ones as may be deemed necessary.

The statute under consideration in the case at bar is patterned after and is substantially identical with How § 8739 *et seq.,* as amended (PA 1879, No 198, as amended), which was construed by this Court in *Kittridge* v. *Washtenaw Circuit Judge,* 80 Mich 200. In that case the claim was made that an assignment for benefit of creditors under How § 8739 *et seq.,* as amended, filed in the office of the circuit court was not a civil suit or proceeding pending in the circuit court. The court after reviewing the statute said:

"From these provisions it is gathered that it was the intention of the legislature to place common-law assignments fully under the control and supervision of the circuit courts in chancery. From the time of filing of the assignment in the office of the clerk of the court it may be said to be a proceeding pending in that court, for all the purposes of the act. The authority of the court to exercise its supervisory powers is called into being whenever the court is applied to by any one authorized by the act to invoke such powers, and then the power of the court, which was before dormant, is called into activity, and its jurisdiction fully attaches to the assignment, and all matters connected therewith. It is then a civil proceeding pending in the circuit court.  *  *  *  The term 'proceedings' in the statute includes all matters connected with or attending the exercise of the power conferred upon the circuit courts in chancery which are necessary to enable the court to exercise its su-

perintending control and authority conferred by the statute."

In our opinion the filing of a claim and notice of contest with set-off or counterclaim has the same effect as filing pleadings in a suit in chancery or an action at law. Section 642.7 clearly indicates an intention to make a contest of a claim in such proceedings a "cause" or "action" from the moment the proof of claim and proof of notice of contest are filed with the clerk. The filing of claim and notice of contest invokes the powers of the circuit court who shall "proceed with the trial of said cause in the same manner as in other suits at law." It follows that section 1 of Court Rule No 38 (1945) was effective and a counterclaim having been filed the court was in error in permitting the withdrawal of appellee's claim without the consent of the opposing party.

The appellee urges that the appeal should be dismissed for the reason that leave to appeal was not obtained. The court's decision permitting Columbia Panel Manufacturing Company to withdraw its claim was a final order and as such was appealable as a matter of right.

The appellant invites a decision upon the question of whether or not the trial court could award an affirmative judgment upon its counterclaim. We note that the merits of neither the claim nor the counterclaim have been passed upon by the trial court, hence the question proposed is not before us.

It is also urged by appellee that the trial court had no jurisdiction to extend the time for the settlement of the proposed record. The record shows that the claim of appeal was filed October 7, 1949; that on October 11, 1949, the trial court entered an order extending the time 60 days for preparation and settlement of the record; and that on December 16,

1949, a second order was entered extending the time for an additional 60 days beginning December 12, 1949.

Appellee's objection to the first extension of time is that it was not served with a copy of a notice asking for such extension. From what is before us, it appears that no objection was made to either extension of time until appellee filed its brief. We note that there was not strict compliance with Court Rule No 65 (1945) in that the motion for extension of time was not noticed as required by the rule. In our opinion the appellee waived the requirement of notice by failing to make objections when the record was settled.

The order of the trial court is reversed, and the cause remanded for further proceedings. Appellant may recover costs.

BOYLES, C. J., and REID, NORTH, DETHMERS, BUTZEL, CARR, and BUSHNELL, JJ., concurred.