226 F.2d 750
 Anne M. EVANS, Appellant,
v.
ST. LOUIS HOUSING AUTHORITY, The City of St. Louis, a
Municipal Corporation, The United States Housing Authority,
and the Hon. Robert L. Aronson, Judge of Division No. 8 of
the St. Louis Circuit Court, Appellees.
 No. 15323.
 United States Court of Appeals Eighth Circuit.
 Nov. 9, 1955.
Rehearing Denied Dec. 5, 1955.
 
 Anne M. Evans, St. Louis, Mo., appellant, pro se.
 John J. Shanahan, St. Louis, Mo. (James E. Crowe, St. Louis, Mo., was with him on the brief), for appellee St. Louis Housing Authority.
 Andrew J. Reis, Associate City Counselor, St. Louis, Mo. (Samuel H. Liberman, City Counselor, St. Louis, Mo., was with him on the brief), for appellees City of St. Louis and Honorable Robert L. Aronson, Judge of Division No. 8 of the St. Louis Circuit Court.
 Before WOODROUGH, JOHNSEN and VOGEL, Circuit Judges.
 VOGEL, Circuit Judge.
 
 
 1
 Plaintiff, appellant, (Anne M. Evans) brought this suit against St. Louis Housing Authority, The City of St. Louis, a Municipal Corp., The United States Housing Authority, and the Honorable Robert L. Aronson, Judge of Division No. 8 of the St. Louis Circuit Court, defendants. It would appear from the complaint that Miss Evans claimed ownership of certain real property referred to as Parcel 18 in Item 17 in a condemnation suit instituted by the St. Louis Housing Authority in the St. Louis Circuit Court and that the City of St. Louis claimed title to the same property. The parcel, ownership of which was disputed, was valued in the Commissioners' Report at $8100.00 and such amount was paid into the registry of the St. Louis Circuit Court. It does not appear that any exceptions were taken to the award. Accordingly, both the City of St. Louis and the appellant claim to be entitled to the amount of the award.
 
 
 2
 The City of St. Louis filed a motion for distribution of the award to it. The court sustained. Thereafter, Miss Evans filed a motion entitled, 'Motion for a New Trial, Judgment on the Pleadings, and Order for Award to Defendant Evans'. This motion was overruled. Appeal was taken by Miss Evans to the Supreme Court of Missouri. On the same date that the appeal was filed, Miss Evans instituted this action in the United States District Court, asking that that court issue an order directed to the Honorable Robert L. Aronson, Judge of the St. Louis Circuit Court, Division 8, to show cause why he should not be enjoined from authorizing the distribution; against the City of St. Louis from claiming any title to the property; against the St. Louis Housing Authority from occupying or using the property; and against the United States Housing Authority '* * * in connection with the housing construction on the said property * * *'.
 
 
 3
 The defendants City of St. Louis, St. Louis Housing Authority and the Honorable Robert L. Aronson filed motions to dismiss. In a memorandum opinion, the trial court stated:
 
 
 4
 'This case arises out of a state court condemnation proceeding, and plaintiff is here seeking to enjoin the distribution, by the state court, of the funds involved in that proceeding. Defendants have filed motions to dismiss which we now consider.
 
 
 5
 'Title 28 U.S.C.A. § 2283 reads as follows:
 
 
 6
 "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'
 
 
 7
 'Under the mandate of this statute we are without power to entertain this action. See also, Marblehead Land Co. v. Los Angeles County, D.C.S.D.Cal.1921, 276 F. 305.
 
 
 8
 'Plaintiff's complaint fails to state a claim upon which relief may be granted as required by the Federal Rules of Civil Procedure, 28 U.S.C.A. Dickert v. Hickey, D.C.N.Y.1940, 47 F.Supp. 577.
 
 
 9
 'It is imperative the complaint allege sufficient facts to show wherein this Court has jurisdiction. Gustafson v. Fred Wolferman, D.C.W.D.Mo.1945, 6 F.R.D. 503. Plaintiff's complaint does not do so.
 
 
 10
 'Order
 
 
 11
 'Defendant's motions to dismiss are sustained.'
 
 
 12
 In a substitute order on the same date, the trial court ordered:
 
 
 13
 'Defendant's motions to dismiss are sustained and the complaint is hereby dismissed.'
 
 
 14
 Appeal is taken therefrom.
 
 
 15
 As stated by the trial court, it would appear that the instant action was commenced for the purpose of enjoining the action of a Missouri state court from distributing a condemnation award which had been deposited in the registry of the court. It is quite clear from the record that the state court had jurisdiction and that the entire dispute was a matter of ownership of Parcel 18 and now the right to the award, it having taken the place of the property concerned. Appellant sets forth that she has appealed to the Supreme Court of Missouri from an adverse decision in the lower state court. She now asks this court to enjoin the distribution of the award and enjoin the City of St. Louis from claiming title and the other defendants from occupying or using the property. Her prayer for relief flies squarely in the face of Title 28 U.S.C.A. § 2283, quoted by the trial court, supra.
 
 
 16
 Appellant indicates nothing in the complaint which would bring the matter within any of the exceptions contained in the statute. Clearly, that statute is a bar to the present proceedings. Hill v. Martin, 1935, 296 U.S. 393, 403, 56 S.Ct. 278, 282, 80 L.Ed. 293:
 
 
 17
 'Fourth. The prohibition of section 265 (28 U.S.C.A. 2283) is against a stay of 'proceedings in any court of a State.' That term is comprehensive. It includes all steps taken or which may be taken in the state court or by its officers from the institution to the close of the final process. It applies to appellate as well as to original proceedings; and is independent of the doctrine of res judicata. It applies alike to action by the court and by its ministerial officers; applies not only to an execution issued on a judgment, but to any proceeding supplemental or ancillary taken with a view to making the suit or judgment effective. The prohibition is applicable whether such supplementary of ancillary proceeding is taken in the court which rendered the judgment or in some other. And it governs a privy to the state court proceeding-- like Elinor Dorrance Hill-- as well as the parties of record. Thus, the prohibition applies whatever the nature of the proceeding, unless the case presents facts which bring it within one of the recognized exceptions to section 265. It is not suggested that there is a basis here for any such exception.'
 
 
 18
 The trial court found, quite properly, that it was without power to entertain the action.
 
 
 19
 In the appeal here, Miss Evans claims that the trial court overlooked her motion for judgment by default against the United States Housing Authority. The record indicates that the appellant moved the court to grant a judgment by default for $125,000.00 against the St. Louis Housing Authority and the United States Housing Authority. The motion was unsupported. She could not have prevailed therein. The St. Louis Housing Authority was not in default, it having filed a motion to dismiss. Insofar as the United States Housing Authority is concerned, no default judgment for $125,000.00 could be given against it as the complaint upon which the motion was based fails to ask for such relief.
 
 
 20
 Rule 54(c) of the Federal Rules of Civil Procedure, insofar as it is applicable herein, provides as follows:
 
 
 21
 'A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment.'
 
 
 22
 Not only does the complaint fail to ask for the relief requested in the motion for default judgment, but it fails to allege any facts upon which relief could be granted in a federal court and there appears no possibility of amendment which would heal the situation. The district court's action in sustaining the defendants-appellees' motions to dismiss and in dismissing the complaint is affirmed.